**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

AMERICAN CIVIL LIBERTIES UNION
    125 Broad Street—18th Floor
    New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
    125 Broad Street—18th Floor
    New York, NY 10004,

                *Plaintiffs*,

    v.

CENTRAL INTELLIGENCE AGENCY
    Washington, DC 20505,

DEPARTMENT OF DEFENSE
    1400 Defense Pentagon
    Washington, DC 20301,

DEPARTMENT OF ENERGY
    1000 Independence Ave., SW
    Washington, DC 20585,

DEPARTMENT OF HOMELAND
SECURITY
    Washington, DC 20528,

DEPARTMENT OF JUSTICE
    950 Pennsylvania Ave., NW
    Washington, DC 20530,

DEPARTMENT OF STATE
    2201 C St., NW
    Washington, DC 20520,

DEPARTMENT OF THE TREASURY
    Room 3000, Main Treasury Building
    1500 Pennsylvania Ave., NW
    Washington, DC 20220,

OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE
    Washington, DC 20511,

                *Defendants*.

Civil Action No. 16-cv-1256

## COMPLAINT FOR INJUNCTIVE RELIEF

### Introduction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, for injunctive and other appropriate relief. Plaintiffs American Civil Liberties Union and

American Civil Liberties Union Foundation (together, the "ACLU") seek the immediate release

of records pertaining to prepublication-review processes in Intelligence Community agencies.

Timely disclosure of these records is critically important to the ongoing public debate about the

lawfulness and effectiveness of government agencies' prepublication-review processes and the

related problem of overclassification of government information.

2.      For decades, many U.S. government agencies have required past and current

employees and contractors who have security clearances to submit any materials that discuss

their government service for review before public release. These "prepublication review"

processes are not governed by any uniform executive-branch policy.

3.      As the Supreme Court has recognized, government employees are the members of

society "most likely to have informed and definitive opinions" about the operations of the

government, and it is therefore "essential that they be able to speak out freely" about government

processes. *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563, 572 (1968).

Prepublication-review requirements—to the extent they are vague, overbroad, or unfairly

enforced—are an affront to First Amendment values and a matter of urgent public concern.

4.      In recent years, prepublication-review requirements have grown increasingly far-

reaching and burdensome, which has resulted in escalating public concern about their legality

and fairness. *See, e.g.*, Jack Goldsmith & Oona Hathaway, *The Government's Prepublication

Review Process Is Broken*, Wash. Post, Dec. 25, 2015, http://wapo.st/1YTgg1j.

5.      Despite this public concern, little is currently known about how the government's prepublication-review processes actually work. For example, it is unclear how individual agencies interpret the vague and sweeping standards that govern review. Furthermore, anecdotal evidence suggests instances of long delays and arbitrary enforcement, but internally generated reports or statistics about how different agencies apply prepublication-review requirements are not publicly available.

6.      Disclosure of the records Plaintiffs seek through this action would greatly benefit the public. It would contribute significantly to the public's understanding of prepublication-review processes and the effects of prepublication review on the public's knowledge of and insight into the activities of the government.

## Jurisdiction and Venue

7.      This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

9.      Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The American Civil Liberties Union is committed to ensuring that the American government acts in compliance with the Constitution and the law. The American Civil Liberties Union is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties. Obtaining information

about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed forms) is a critical and substantial component of the American Civil Liberties Union's work and one of its primary activities.

10.    Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

11.    Defendants Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), Department of Energy ("DOE"), Department of Homeland Security ("DHS"), Department of Justice ("DOJ"), Department of State ("DOS"), Department of the Treasury ("DOT"), and Office of the Director of National Intelligence ("ODNI") are departments of the executive branch of the U.S. government and are agencies within the meaning of 5 U.S.C. § 552(f)(1). The Defense Intelligence Agency ("DIA"), Department of the Air Force ("Air Force"), Department of the Navy ("Navy"), National Geospatial Intelligence Agency ("NGIA"), National Reconnaissance Office ("NRO"), and National Security Agency ("NSA") are components of the DOD. The U.S. Marine Corps ("Marines") is a component of the Navy and a subcomponent of the DOD. The U.S. Coast Guard ("Coast Guard") is a component of the DHS. The Drug Enforcement Administration ("DEA") and the Federal Bureau of Investigation ("FBI") are components of the DOJ.

## Facts

### The Requested Records

12.    On March 3, 2016, Plaintiffs submitted identical FOIA requests (the "Request") to the CIA, DOD (and its components and subcomponents the DIA, Air Force, Navy, NGIA,

NRO, NSA, and Marines),[1] DOE, DHS (and its component the Coast Guard), DOJ (and its components the DEA and FBI), DOS, DOT, and ODNI.

13.     The Request seeks "records that are or contain the following: (1) policies, standards, and guidance related to prepublication review; (2) final legal analyses of past, present, or proposed prepublication-review requirements; (3) final decisions of officials conducting prepublication reviews; (4) correspondence with former agency employees (or their representatives) who have submitted materials for prepublication review since January 1, 2009; (5) statistics relating to prepublication review, including but not limited to information documenting the total numbers of individuals who have submitted works for review, the total number of works submitted for review, the total number of submissions approved without change, the total number of submissions returned with proposed redactions or other modifications, the total number of pending submissions, and the duration of prepublication review processes[;] (6) titles, subject matters, and dates of works submitted for prepublication review; and (7) information about enforcement proceedings instituted or contemplated on the basis of violations of prepublication-review requirements, including breach-of-contract actions, agency administrative proceedings, and civil or criminal litigation."

14.     Plaintiffs sought a waiver of search, review, and duplication fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

---

[1]     Plaintiffs also submitted the Request to the Department of the Army ("Army"), a component of the DOD. By email dated June 7, 2016, the Army disclosed eight pages of records and two spreadsheets in partial response to the Request. The Army has not been named in this lawsuit.

15.     Plaintiffs also sought a limitation of fees on the ground that Plaintiffs qualify as "representative[s] of the news media" and the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

16.     Plaintiffs requested expedited processing of the Request on the basis of a "compelling need" for the requested records as defined in 5 U.S.C. § 552(a)(6)(E)(v)(II).

Agency Responses and Administrative Appeals

<em>CIA</em>

17.     By letter dated March 11, 2016, the CIA acknowledged receipt of the Request and assigned it reference number F-2016-01216. The CIA denied Plaintiffs' request for expedited processing and did not communicate any decision on Plaintiffs' request for a fee waiver or a limitation of fees.

18.     On April 8, 2016, Plaintiffs timely filed an administrative appeal from the CIA's denial of the request for expedited processing. By letter dated April 15, 2016, the CIA affirmed its denial of Plaintiffs' request for expedited processing.

19.     By letter dated June 16, 2016, the CIA assured Plaintiffs that the Request was "still in process."

20.     Plaintiffs have received no further correspondence from the CIA. No records responsive to the Request have been released by the CIA.

21.     Plaintiffs have exhausted all administrative remedies because the CIA has failed to comply with the time limit for responding to FOIA requests, and because the CIA has affirmed the denial of Plaintiffs' request for expedited processing.

*DOD*

22.     By letter dated March 14, 2016, the DOD acknowledged receipt of the Request and assigned it reference number 16-F-0690. The DOD informed Plaintiffs that the Request was being processed on behalf of the Office of the Secretary of Defense and the Joint Staff. The DOD denied Plaintiffs' requests for expedited processing and for a waiver of fees, and categorized the Request in the "Other" fee category.

23.     By email dated March 17, 2016, the DOD sought clarification regarding the scope of the Request and indicated that it considered the scope of Item 5 of the Request to be too broad. During a telephone conversation with the DOD on March 18, 2016, Plaintiffs clarified the scope of the Request and agreed to a limiting construction of the Request for purposes of the DOD's initial search, but reserved the right to proceed with the full extent of the Request after reviewing the results from the initial search.

24.     On March 23, 2016, Plaintiffs timely filed an administrative appeal from the DOD's denial of the requests for expedited processing, a fee waiver, and a limitation of fees. By letter dated April 4, 2016, the DOD acknowledged receipt of Plaintiffs' March 23, 2016 administrative appeal.

25.     On May 16, 2016, Plaintiffs timely filed an administrative appeal from the DOD's conclusion in its March 17, 2016 email that Item 5 of the Request was too broad. By email dated May 31, 2016, the DOD acknowledged receipt of Plaintiffs' May 16, 2016 administrative appeal.

26.     Plaintiffs have received no further correspondence from the DOD. No records responsive to the Request have been released by the DOD.

27.     Plaintiffs have exhausted all administrative remedies because the DOD has failed to comply with the time limit for responding to FOIA Requests, and because the DOD has failed to comply with the time limit for ruling on Plaintiffs' administrative appeals.

*DIA*

28.     By letter dated March 10, 2016, the DIA acknowledged receipt of the Request and assigned it reference number FOIA-0208-2016. The DIA denied Plaintiffs' request for expedited processing and did not communicate any decision on Plaintiffs' requests for a fee waiver and a limitation of fees.

29.     On April 5, 2016, Plaintiffs timely filed an administrative appeal from the DIA's denial of the request for expedited processing. By letter dated May 13, 2016, the DIA confirmed receipt of this appeal.

30.     Plaintiffs have received no further correspondence from the DIA. No records responsive to the Request have been released by the DIA.

31.     Plaintiffs have exhausted all administrative remedies because the DIA has failed to comply with the time limit for responding to FOIA requests, and because the DIA has failed to comply with the time limit for ruling on Plaintiffs' administrative appeal from the denial of the request for expedited processing.

*Air Force*

32.     By letter dated March 22, 2016, the Air Force acknowledged receipt of the Request and assigned it reference number 2016-02275-F. The Air Force denied Plaintiffs' request for expedited processing and did not communicate any decision on Plaintiffs' requests for a fee waiver and a limitation of fees.

33.     During a telephone conversation with the Air Force on April 4, 2016, Plaintiffs agreed to a limiting construction of the Request for purposes of the Air Force's initial search, but reserved the right to proceed with the full extent of the Request after reviewing the results from the initial search. The substance of this conversation is memorialized in an email from Plaintiffs to the Air Force dated April 4, 2016.

34.     On April 13, 2016, Plaintiffs timely filed an administrative appeal from the Air Force's denial of the request for expedited processing. By email dated May 2, 2016, the Air Force granted Plaintiffs' request for a fee waiver. By letter dated June 8, 2016, the Air Force affirmed its denial of Plaintiffs' request for expedited processing.

35.     Plaintiffs have received no further correspondence from the Air Force. No records responsive to the Request have been released by the Air Force.

36.     Plaintiffs have exhausted all administrative remedies because the Air Force has failed to comply with the time limit for responding to FOIA requests, and because the Air Force has affirmed the denial of Plaintiffs' request for expedited processing.

*Navy*

37.     By letter dated April 18, 2016, the Navy acknowledged receipt of the Request and assigned it reference number DON-NAVY-2016-004460. The Navy did not communicate any decision on Plaintiffs' requests for expedited processing, a fee waiver, and a limitation of fees.

38.     Plaintiffs have received no further correspondence from the Navy regarding the Request with reference number DON-NAVY-2016-004460. No records responsive to the Request have been released by the Navy.

39.     Plaintiffs have exhausted all administrative remedies because the Navy has failed to comply with the time limit for responding to FOIA requests.

9

*NGIA*

40.     By letter dated March 14, 2016, the NGIA acknowledged receipt of the Request and assigned it reference number NGA-2016-FOI-00032. The NGIA classified Plaintiffs in the "News Media Requester" fee category. The NGIA did not communicate any decision on Plaintiffs' requests for expedited processing and a fee waiver.

41.     During a telephone conversation on March 25, 2016, the NGIA informed Plaintiffs that the request for expedited processing had been granted, and that a decision on the request for a fee waiver would be made when records responsive to the Request had been found. The substance of this conversation is memorialized in an email from Plaintiffs to the NGIA dated March 25, 2016 and a response email from the NGIA to Plaintiffs on the same day.

42.     During a telephone conversation on April 20, 2016, the NGIA Office of Corporate Communications sought clarification from Plaintiffs regarding the scope of the Request. Plaintiffs agreed to a limiting construction of the Request for purposes of the NGIA's initial search, but reserved the right to proceed with the full extent of the Request after reviewing the results from the initial search. The substance of this conversation is memorialized in an email from the NGIA to Plaintiffs dated May 6, 2016 and a response email from Plaintiffs to the NGIA on the same day.

43.     Plaintiffs have received no further correspondence from the NGIA. No records responsive to the Request have been released by the NGIA.

44.     Plaintiffs have exhausted all administrative remedies because the NGIA has failed to comply with the time limit for responding to FOIA requests.

*NRO*

45.　　By letter dated March 16, 2016, the NRO acknowledged receipt of the Request

and assigned it reference number F-2016-00042. The NRO classified Plaintiffs in the

"educational/scientific/media" fee category, but denied Plaintiffs' requests for expedited

processing and a fee waiver.

46.　　On March 31, 2016, Plaintiffs timely filed an administrative appeal from the

NRO's denial of the requests for expedited processing and a fee waiver. By letter dated April 14,

2016, the NRO acknowledged receipt of Plaintiffs' appeal. By letter dated June 2, 2016, the

NRO affirmed the denial of Plaintiffs' requests for expedited processing and a fee waiver.

47.　　Plaintiffs have received no further correspondence from the NRO. No records

responsive to the Request have been released by the NRO.

48.　　Plaintiffs have exhausted all administrative remedies because the NRO has failed

to comply with the time limit for responding to FOIA requests, and because the NRO has

affirmed the denial of Plaintiffs' requests for expedited processing and a fee waiver.

*NSA*

49.　　By letter dated March 17, 2016, the NSA acknowledged receipt of the Request

and assigned it reference number 83930. The NSA denied Plaintiffs' requests for expedited

processing and a fee waiver and classified Plaintiffs in the "all other" fee category. The NSA

also explained that it had construed the Request as seeking only records related to

prepublication-review submissions for use in an "unofficial" capacity, and as excluding

submissions for use during the course of "official" agency duties.

50.　　During a telephone conversation with the NSA on March 28, 2016, Plaintiffs

objected to the NSA's construction of the Request. Plaintiffs also agreed to a limiting

construction of the Request for purposes of the NSA's initial search, but reserved the right to proceed with the full extent of the Request after reviewing the results from the initial search. The substance of this conversation is memorialized in an email from Plaintiffs to the NSA dated March 28, 2016.

51.     On March 29, 2016, Plaintiffs timely filed an administrative appeal from the NSA's denial of the requests for expedited processing, a fee waiver, and a limitation of fees.

52.     On May 16, 2016, Plaintiffs timely filed an administrative appeal from the NSA's decision to construe the Request as seeking only records related to prepublication-review submissions for use in an "unofficial" capacity.

53.     Plaintiffs have received no further correspondence from the NSA. No records responsive to the Request have been released by the NSA.

54.     Plaintiffs have exhausted all administrative remedies because the NSA has failed to comply with the time limit for responding to FOIA requests, and because the NSA has failed to comply with the time limit for ruling on Plaintiffs' administrative appeal from the denial of the requests for expedited processing, a fee waiver, and a limitation of fees, and from the limiting construction applied to the Request.

*Marines*

55.     By letter dated March 18, 2016, the Marines acknowledged receipt of the Request and assigned it reference number DON-USMC-2016-004318. The Marines denied Plaintiffs' requests for expedited processing, a limitation of fees, and a fee waiver. The Marines also sought clarification of the scope of several items in the Request.

56.     During a telephone conversation with the Marines on March 30, 2016, Plaintiffs provided the clarifications sought by the Marines and also agreed to a limiting construction of

the Request for purposes of the Marines' initial search, but reserved the right to proceed with the full extent of the Request after reviewing the results from the initial search. The substance of this conversation is memorialized in an email from Plaintiffs to the Marines dated March 30, 2016 and a response email from the Marines to Plaintiffs dated March 31, 2016.

57.     On March 30, 2016, Plaintiffs timely filed an administrative appeal from the Marines' denial of the requests for expedited processing, a fee waiver, and a limitation of fees. By letter dated April 5, 2016, the Navy Office of the Judge Advocate General acknowledged receipt of Plaintiffs' appeal and assigned it reference number DON-NAVY-2016-005122. By letter dated May 2, 2016, the Navy Office of the Judge Advocate General reversed the denial of Plaintiffs' request for a fee waiver and affirmed the denial of the request for expedited processing.

58.     By letter dated May 9, 2016, the Marines informed Plaintiffs that a search for records responsive to the Request at the Marines Public Affairs Office had not yielded any responsive records, and that the Marines would conduct further searches for responsive records at the Office of Counsel for the Commandant and the Staff Judge Advocate's Office.

59.     Plaintiffs have received no further correspondence from the Marines or the Navy regarding the Request with reference number DON-USMC-2016-004318 or the appeal with reference number DON-NAVY-2016-005122. No records responsive to the Request have been released by the Marines or the Navy.

60.     Plaintiffs have exhausted all administrative remedies because the Marines has failed to comply with the time limit for responding to FOIA requests, and because the Marines has affirmed the denial of Plaintiffs' request for expedited processing.

*DOE*

61.     By letter dated March 24, 2016, the DOE acknowledged receipt of the Request

and assigned it reference number HQ-2016-000656-F. The DOE denied Plaintiffs' request for

expedited processing, granted the request for a fee waiver, and categorized Plaintiffs in the

"other" fee category.

62.     On March 25, 2016, Plaintiffs timely filed an administrative appeal from the

DOE's denial of expedited processing. By letter dated March 28, 2016, the DOE acknowledged

receipt of Plaintiffs' administrative appeal. By letter dated April 1, 2016, the DOE affirmed the

denial of Plaintiffs' request for expedited processing.

63.     Plaintiffs have received no further correspondence from the DOE. No records

responsive to the Request have been released by the DOE.

64.     Plaintiffs have exhausted all administrative remedies because the DOE has failed

to comply with the time limit for responding to FOIA requests, and because the DOE has

affirmed the denial of Plaintiffs' request for expedited processing.

*DHS*

65.     By letter dated March 17, 2016, the DHS acknowledged receipt of the Request

and assigned it reference number 2016-HQFO-00294. The DHS denied Plaintiffs' request for

expedited processing, conditionally granted the request for a fee waiver, and categorized

Plaintiffs in the "non-commercial requester" fee category.

66.     On March 28, 2016, Plaintiffs timely filed an administrative appeal from the

denial of the request for expedited processing. By letter dated June 2, 2016, the Coast Guard

Office of the Chief Administrative Law Judge, which handles FOIA administrative appeals for

the DHS, granted the ACLU's appeal from the denial of expedited processing and remanded the request for expedited processing to the DHS for reconsideration.

67.     Plaintiffs have received no further correspondence from the DHS. No records responsive to the Request have been released by the DHS.

68.     Plaintiffs have exhausted all administrative remedies because the DHS has failed to comply with the time limit for responding to FOIA requests.

*Coast Guard*

69.     By email dated April 6, 2016, the Coast Guard acknowledged receipt of the Request and assigned it reference number 2016-CGFO-01348. The Coast Guard did not communicate any decision on Plaintiffs' requests for expedited processing, a fee waiver, and a limitation of fees.

70.     Plaintiffs have received no further correspondence from the Coast Guard. No records responsive to the Request have been released by the Coast Guard.

71.     Plaintiffs have exhausted all administrative remedies because the Coast Guard has failed to comply with the time limit for responding to FOIA requests.

*DOJ*

72.     By letter dated March 28, 2016, the DOJ acknowledged receipt of the Request, assigned it reference number EMRUFOIA030316-4, and acknowledged forwarding the Request to the National Security Division ("NSD") as the component most likely to have records responsive to the Request. By letter dated April 8, 2016, the NSD acknowledged receipt of the Request and assigned it reference number 16-126. By email dated April 18, 2016, the NSD denied Plaintiffs' requests for expedited processing and a waiver of fees and categorized Plaintiffs in the "all other use" fee category.

73.     On April 22, 2016, Plaintiffs timely filed an administrative appeal from the denial of the requests for expedited processing, a fee waiver, and a limitation of fees. By letter dated April 28, 2016, the DOJ Office of Information Policy ("OIP") affirmed the denial of expedited processing and informed Plaintiffs that no fees would be assessed for the Request.

74.     Plaintiffs have received no further correspondence from the DOJ regarding the Request with reference number EMRUFOIA030316-4 or reference number 16-126. No records responsive to the Request have been released by the DOJ.

75.     Plaintiffs have exhausted all administrative remedies because the DOJ has failed to comply with the time limit for responding to FOIA requests, and because the DOJ has affirmed the denial of Plaintiffs' request for expedited processing.

*DEA*

76.     By letter dated March 10, 2016, the DEA acknowledged receipt of the Request and assigned it reference number 16-00389-F. The DEA categorized Plaintiffs in the "news media requester" fee category, but did not communicate any decision on the Plaintiffs' requests for expedited processing and a fee waiver. By letter dated March 21, 2016, the DEA informed Plaintiffs that the Request had been forwarded to the Office of Chief Counsel as the office within the DEA most likely to maintain records responsive to the Request. By letter dated March 22, 2016, the DEA denied Plaintiffs' request for expedited processing.

77.     On April 13, 2016, Plaintiffs timely filed an administrative appeal from the denial of the request for expedited processing. By letter dated April 26, 2016, the DOJ OIP affirmed the denial of Plaintiffs' request for expedited processing.

78.     By email dated June 10, 2016, the DEA sought clarification regarding the scope of Item 1 of the Request. On June 13, 2016, the ACLU provided the requested clarification.

79.     Plaintiffs have received no further correspondence from the DEA or the DOJ regarding the Request with reference number 16-00389-F. No records responsive to the Request have been released by the DEA or the DOJ.

80.     Plaintiffs have exhausted all administrative remedies because the DEA has failed to comply with the time limit for responding to FOIA requests, and because the DOJ has affirmed the denial of Plaintiffs' request for expedited processing.

*FBI*

81.     By letter dated March 18, 2016, the FBI acknowledged receipt of the Request and assigned it reference number 1346529-000. The FBI categorized Plaintiffs in the "educational institution, noncommercial scientific institution or representative of the news media requester" fee category, but did not communicate a decision on Plaintiffs' requests for expedited processing and a fee waiver. By letter dated April 15, 2016, the FBI denied Plaintiffs' requests for expedited processing and a fee waiver.

82.     On April 25, 2016, Plaintiffs timely filed an administrative appeal from the FBI's denial of the requests for expedited processing and a fee waiver. By letter dated May 26, 2016, the DOJ OIP affirmed the denial of expedited processing but did not address Plaintiffs' appeal from the denial of a fee waiver.

83.     By letter dated May 10, 2016, the FBI informed Plaintiffs that it had located responsive records and asked Plaintiffs for an indication of willingness to pay an estimated $85 in duplication fees. On June 9, 2016, Plaintiffs informed the FBI of their willingness to pay the estimated duplication fees, but only in the event that the denial of the request for a fee waiver is affirmed by this Court.

84. Plaintiffs have received no further correspondence from the FBI or the DOJ regarding the Request with reference number 1346529-000. No records responsive to the Request have been released by the FBI or the DOJ.

85. Plaintiffs have exhausted all administrative remedies because the FBI has failed to comply with the time limit for responding to FOIA requests, affirmed the denial of Plaintiffs' request for expedited processing, and failed to comply with the time limit for ruling on Plaintiffs' administrative appeal from the denial of the request for a fee waiver.

*DOS*

86. By letter dated March 11, 2016, the DOS acknowledged receipt of the Request and assigned it reference number F-2016-01568. The DOS granted Plaintiffs' request for a fee waiver and denied the request for expedited processing.

87. On March 24, 2016, Plaintiffs timely filed an administrative appeal from the DOS' denial of the request for expedited processing. By letter dated March 29, 2016, the DOS affirmed the denial of the request for expedited processing.

88. Plaintiffs have received no further correspondence from the DOS regarding the Request. No records responsive to the Request have been released by the DOS.

89. Plaintiffs have exhausted all administrative remedies because the DOS has failed to comply with the time limit for responding to FOIA requests, and because the DOS has affirmed the denial of Plaintiffs' request for expedited processing.

*DOT*

90. By letter dated April 26, 2016, the DOT acknowledged receipt of the Request and assigned it reference number 2016-03-104. The DOT conditionally granted Plaintiffs' request for a fee waiver and denied the request for expedited processing.

18

91.     On April 27, 2016, Plaintiffs timely appealed from the DOT's denial of the request for expedited processing. By letter dated May 4, 2016, the DOT acknowledged receipt of Plaintiffs' administrative appeal.

92.     Plaintiffs have received no further correspondence from the DOT regarding the Request. No records responsive to the Request have been released by the DOT.

93.     Plaintiffs have exhausted all administrative remedies because the DOT has failed to comply with the time limit for responding to FOIA requests, and because the DOT has failed to comply with the time limit for ruling on Plaintiffs' administrative appeal from the denial of the request for expedited processing.

*ODNI*

94.     By letter dated March 11, 2016, the ODNI acknowledged receipt of the Request and assigned it reference number DF-2016-00165. The ODNI granted Plaintiffs' request for a fee waiver and denied the request for expedited processing. The ODNI also enclosed a record that was partially responsive to Item 5 of the Request.

95.     On March 30, 2016, Plaintiffs timely filed an administrative appeal from the ODNI's denial of expedited processing.

96.     Plaintiffs have received no further correspondence from the ODNI regarding the Request. No records, except for the enclosure to the ODNI's March 11, 2016 interim response letter, have been released by the ODNI.

97.     Plaintiffs have exhausted all administrative remedies because the ODNI has failed to comply with the time limit for responding to FOIA requests, and because the ODNI has failed to comply with the time limit for ruling on Plaintiffs' administrative appeal from the denial of the request for expedited processing.

## Causes of Action

98.     Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

99.     Defendants' failure to make an adequate search for records responsive to the Request violates FOIA, 5 U.S.C. § 552(a)(3)(C), (D), and Defendants' corresponding regulations.

100.     Defendants' failure to timely respond to Plaintiffs' administrative appeals violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and Defendants' corresponding regulations.

101.     Defendants' denials of Plaintiffs' requests for expedited processing violate FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

102.     Defendants' denials of Plaintiffs' requests for fee waivers violate FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

103.     Defendants' denials of Plaintiffs' requests for limitations of fees violate FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

1.  Order Defendants immediately to release to Plaintiffs the records sought in the Request;

2.  Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

3.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

4.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_/s/ Arthur B. Spitzer_

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Pennsylvania Avenue, NW, Suite 434
Washington, D.C. 20008
T: 202.457.0800
F: 202.457.0805
artspitzer@aclu-nca.org

Brett Max Kaufman
Benjamin Good
American Civil Liberties Union
125 Broad Street—18th Floor
New York, NY 10004
T: 212.549.2500
F: 212.549.2654
bkaufman@aclu.org
bgood@aclu.org

_Counsel for plaintiffs_

June 21, 2016