**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:16-cv-01256 (EGS) |

**ANSWER TO COMPLAINT**

Defendants Central Intelligence Agency, Department of Defense, Department of Energy, Department of Homeland Security, Department of Justice, Department of State, Department of the Treasury, and Office of the Director of National Security answer the Complaint of Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation as follows:

**AFFIRMATIVE DEFENSES**

1.      The Court lacks subject-matter jurisdiction over this action.

2.      The Complaint fails to state a claim upon which relief may be granted to the extent that Plaintiff has failed to timely exhaust the requisite administrative remedies.

3.      Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

4.      Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

**ANSWER**

Without waiving any defenses or objections, and in response to the numbered paragraphs in Plaintiffs' Complaint, Defendants answer the Complaint as follows:

1.      The first sentence of this paragraph contains Plaintiffs' characterization of this suit, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence in this paragraph.

2-5.    The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7.      This paragraph contains legal conclusions, to which no response is required.

8.      This paragraph contains legal conclusions, to which no response is required.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     Defendants admit that Central Intelligence Agency (CIA), Department of Defense (DOD), Department of Energy (DOE), Department of Homeland Security (DHS), Department of Justice (DOJ), Department of State (DOS), Department of the Treasury (Treasury) and Office of the Director of National Intelligence (ODNI) are

departments of the Executive Branch of the U.S. Government.  The remainder of the first sentence of this paragraph is a legal conclusion, to which no response is required. Defendants admit the second, third, fourth and fifth sentences in this paragraph.

12.     Defendants admit that Plaintiffs submitted Freedom of Information Act (FOIA) requests, dated March 3, 2016, to the eighteen U.S. Government entities listed in this paragraph.  Defendants respectfully refer the Court to Plaintiffs' March 3, 2016 FOIA requests for a complete and accurate statement of their contents.

13.     This paragraph contains Plaintiffs' characterization of their FOIA requests, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' March 3, 2016 FOIA requests for a complete and accurate statement of their contents.

14.     This paragraph contains Plaintiffs' characterization of their FOIA requests, to which no response is required.  Defendants respectfully refer the Court to Plaintiffs' March 3, 2016 FOIA requests for a complete and accurate statement of their contents.

15.     This paragraph contains Plaintiffs' characterization of their FOIA requests, to which no response is required.  Defendants respectfully refer the Court to Plaintiffs' March 3, 2016 FOIA requests for a complete and accurate statement of their contents.

16.     This paragraph contains Plaintiffs' characterization of their FOIA requests, to which no response is required.  Defendants respectfully refer the Court to Plaintiffs' March 3, 2016 FOIA requests for a complete and accurate statement of their contents.

17.     CIA admits that it sent a letter to Plaintiffs dated March 11, 2015.  The remainder of this paragraph contains Plaintiffs' characterization of the CIA's letter, to which no response is required.  CIA respectfully refer the Court to its letter for a full and accurate statement of its contents.

18.     CIA admits that Plaintiffs filed an administrative appeal from the CIA's denial of Plaintiffs' request for expedited processing.  CIA also admits that it sent a letter to Plaintiffs dated April 15, 2016.  The remainder of the paragraph contains a legal conclusion and Plaintiffs' characterization of the CIA's letter, to which no response is required.  CIA respectfully refers the Court to its letter for a full and accurate statement of its contents.

19.     CIA admits that it sent a letter to Plaintiffs dated June 16, 2016.  The remainder of the sentence contains Plaintiffs' characterization of the CIA's letter, to which no response is required.  CIA respectfully refers the Court to its letter for a full and accurate statement of its contents.

20.     Admit.

21.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, CIA denies the allegations.

22.     DOD admits that it sent Plaintiffs a letter dated March 14, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of DOD's letter, to which no response is required.  DOD respectfully refers the Court to its letter for a full and accurate statement of its contents.

23.     DOD admits that it sent Plaintiff an email dated March 17, 2016.  The remainder of the first sentence in this paragraph contains Plaintiffs' characterization of

DOD's email, to which no response is required.  DOD respectfully refers the Court to its

email for a full and accurate statement of its contents.  DOD admits the second sentence

in this paragraph.

26. DOD admits that Plaintiffs filed an administrative appeal from DOD's

denial of their request for expedited processing, a fee waiver, and a limitation of fees.

DOD also admits that it sent Plaintiff a letter dated April 4, 2016.  The remainder of this

paragraph contains Plaintiffs' characterization of DOD's letter, to which no response is

required.  DOD respectfully refers the Court to its April 4, 2016 letter for a full and

accurate statement of its contents.

25. DOD admits that Plaintiffs filed an administrative appeal from its decision

that Item 5 of the request is too broad.  DOD also admits that it sent Plaintiff an email

dated May 31, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of DOD's email, to which no response is required.  DOD respectfully

refers the Court to its May 31, 2016 email for a full and accurate statement of its

contents.

26. Admit.

27. This paragraph contains legal conclusions, to which no response is

required. To the extent a response is required, DOD denies the allegations.

28. The Defense Intelligence Agency (DIA) admits that it sent a letter to

Plaintiffs dated March 10, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of DIA's letter, to which no response is required.  DIA respectfully

refers the Court to its letter for a full and accurate statement of its contents.

29. DIA admits that Plaintiffs filed an administrative appeal from DIA's

denial of Plaintiffs' request for expedited processing.  DIA also admits that it sent a letter

to Plaintiffs dated May 13, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of Plaintiffs' administrative appeal letter and DIA's letter, to which no

response is required.  DIA respectfully refers the Court to Plaintiffs' and DIA's letters for

a full and accurate statement of their contents.

30.     Admit.

31.     This paragraph contains legal conclusions, to which no response is

required.  To the extent a response is required, DIA denies the allegations.

32.     The Air Force admits that it sent a letter to Plaintiffs dated March 22,

2016.  The remainder of this paragraph contains Plaintiffs' characterization of the Air

Force's letter, to which no response is required.  Air Force respectfully refers the Court to

its letter for a full and accurate statement of its contents.

33.     Air Force admits that it had a telephone conversation with Plaintiffs on

April 4, 2016.  Air Force also admits that Plaintiffs sent Air Force an email dated April 4,

2016. The remainder of this paragraph contains Plaintiffs' characterization of the subject

and contents of that email, to which no response is required. Air Force respectfully refers

the Court to Plaintiffs' April 4, 2016 email for a full and accurate statement of its

contents.

34.     Air Force admits that Plaintiffs filed an administrative appeal from Air

Force's denial of Plaintiffs' request for expedited processing.  Air Force also admits that

it sent Plaintiffs an email, dated May 2, 2016, and a letter, dated June 8, 2016.  The

remainder of this paragraph contains Plaintiffs' characterization of Air Force's email and

letter, to which no response is required.  Air Force respectfully refers the Court to its May

2, 2016 email and June 8, 2016 letter for a full and accurate statement of their contents.

35.     Admit.

36.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Air Force denies the allegations.

37.     The Navy admits that it sent a letter to Plaintiffs dated April 18, 2016. The remainder of this paragraph contains Plaintiffs' characterization of Navy's letter, to which no response is required.  Navy respectfully refers the Court to its letter for a full and accurate statement of its contents.

38.     Admit.

39     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, Navy denies the allegations.

40.     The National Geospatial-Intelligence Agency (NGIA) admits that it sent a letter to Plaintiffs dated March 14, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the NGIA's letter, to which no response is required.  NGIA respectfully refers the Court to its March 14, 2016 letter for a full and accurate statement of its contents.

41.     NGIA admits that it had a telephone conversation with Plaintiffs on March 25, 2016.  NGIA also admits that Plaintiffs sent NGIA an email dated March 25, 2016, and that NGIA responded to Plaintiffs with an email on the same day.  The remainder of this paragraph contains Plaintiffs' characterization of the contents of the two emails, to which no response is required.  NGIA respectfully refers the Court to Plaintiffs' and the NIGA's emails, both dated March 25, 2016, for a full and accurate statement of their contents.

42.     NGIA admits the first sentence of this paragraph.  NGIA also admits that Plaintiffs sent NGIA an email dated May 6, 2016 and that NGIA responded to Plaintiffs with an email on the same day.  The remainder of this paragraph contains Plaintiffs' characterization of the contents of the two emails, to which no response is required. NGIA respectfully refers the Court to Plaintiffs' and NIGA's emails, both dated May 6, 2016, for a full and accurate statement of their contents.

43.     Admit.

44.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, NGIA denies the allegations.

45.     The National Reconnaissance Office (NRO) admits that it sent a letter to Plaintiffs dated March 16, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the NRO's letter, to which no response is required.  NRO respectfully refers the Court to its March 16, 2016 letter for a full and accurate statement of its contents.

46.     NRO admits that Plaintiffs filed an administrative appeal from NRO's denial of Plaintiffs' requests for expedited processing and a fee waiver.  NRO also admits that it responded with letters dated April 14, 2016, and June 2, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of NRO's letters, to which no response is required.  NRO respectfully refers the Court to its April 14, 2016 and June 2, 2016 letters for a full and accurate statement of their contents.

47.     Admit.

48.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, NRO denies the allegations.

49.      The National Security Agency (NSA) admits that it sent a letter to Plaintiffs dated March 17, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the NSA's letter, to which no response is required.  NSA respectfully refers the Court to the NSA's March 17, 2016 letter for a full and accurate statement of its contents.

50.      NSA admits that it had a telephone conversation with Plaintiffs on March 28, 2016.  NSA also admits that Plaintiffs sent NSA an email dated March 28, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the phone conversation and Plaintiffs' email to NSA, dated March 28, 2016, to which no response is required.  NSA respectfully refers the Court to Plaintiffs' March 28, 2016 email for a full and accurate statement of its contents.

51.      NSA admits that Plaintiffs sent a letter to NSA's FOIA/PA Appeal Authority, dated March 29, 2016, administratively appealing NSA's denial of Plaintiffs' requests for expedited processing, a fee waiver, and a limitation of fees.  The remainder of this paragraph contains Plaintiffs' characterization of this letter and legal conclusions, to which no response is required.  NSA respectfully refers the Court to Plaintiffs' March 29, 2016 letter for a full and accurate statement of its contents.

52.      NSA admits that Plaintiffs sent a letter to NSA's FOIA/PA Appeal Authority dated May 16, 2016. The remainder of this paragraph contains Plaintiffs' characterization of this letter and legal conclusions, to which no response is required. NSA respectfully refers the Court to Plaintiffs' email, dated May 16, 2016, for a full and accurate statement of its contents.

53.      Admit.

54.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, NSA denies the allegations.

55.     The Marines admit that that they sent a letter to Plaintiffs dated March 18, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the Marines' letter, to which no response is required.  The Marines respectfully refer the Court to their March 18, 2016 letter for a full and accurate statement of its contents.

56.     The Marines admit that Plaintiffs had a phone conversation with the Navy on March 30, 2016.  The Marines also admit that Plaintiffs sent the Marines an email dated March 30, 2016 and that the Marines responded to Plaintiffs with an email dated March 31, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the contents of the two emails, to which no response is required.  The Marines respectfully refer the Court to Plaintiffs' and the Marines' emails for a full and accurate statement of their contents.

57.     The Marines admit that the Navy received an administrative appeal from Plaintiffs on March 31, 2016, which was dated March 30, 2016, and acknowledged receipt by letter dated April 5, 2016.  The Marines admit that the Navy issued a final appeal decision by letter dated May 2, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of the acknowledgment letter and final appeal decision, to which no response is required.  The Marines respectfully refer the Court to the acknowledgment and final appeal decision letters for a full and accurate statement of their contents.

58.     The Marines admit that they sent a letter to Plaintiffs dated May 9, 2016. The remainder of this paragraph contains Plaintiffs' characterization of the Marines'

letter, to which no response is required.  The Marines respectfully refer the Court to the

Marines' May 9, 2016 letter for a full and accurate statement of its contents.

59.     The Marines deny the first sentence of this paragraph.  The Marines sent

Plaintiffs a final response dated June 24, 2016.  The Marines admit that they did not

release any responsive records.

60.     This paragraph contains legal conclusions, to which no response is

required.  To the extent a response is required, the Marines deny the allegations.

61.     DOE admits that it sent a letter to Plaintiffs dated March 24, 2016.  The

remainder of this paragraph contains Plaintiffs' characterization of DOE's March 24,

2016 letter, to which no response is required.  DOE respectfully refers the Court to its

March 24, 2016 letter for a full and accurate statement of its contents.

62.     DOE admits that Plaintiffs filed an administrative appeal from DOE's

denial of expedited processing.  DOE also admits that it sent letters to Plaintiffs on March

28, 2016 and April 1, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of DOE's letters, to which no response is required.  DOE respectfully

refers the Court to DOE's March 28, 2016, and April 1, 2016 letters for a full and

accurate statement of their contents.

63.     Denied.  Plaintiffs received a final response from the Department of

Energy, Idaho Operations Office, dated August 29, 2016.  DOE admits that it has not

released any responsive records.

64.      This paragraph contains legal conclusions, to which no response is

required.  To the extent a response is required, DOE denies the allegations.

65.     Defendant, Department of Homeland Security, Privacy Office

(DHS/PRIV) admits to providing an acknowledgement letter to Plaintiff on March 17, 2016. DHS/PRIV respectfully refers the Court to that letter for a full and complete statement of its contents.

66.     DHS/PRIV admits that on March 28, 2016, Plaintiff filed an administrative appeal and that on June 2, 2016, the Coast Guard Office of the Chief Administrative Law Judge issued an opinion. DHS/PRIV respectfully refers the Court to that opinion letter for a full and complete statement of its contents.

67.     DHS/PRIV denies the allegations in paragraph 67. DHS/PRIV, through counsel, provided Plaintiffs with a final response letter, dated September 2, 2016, and responsive records.

68.     This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, DHS/PRIV denies the allegations.

69.     The Coast Guard admits that it sent an email to Plaintiffs dated April 6, 2016. The remainder of this paragraph contains Plaintiffs' characterization of the Coast Guard's April 6, 2016 email, to which no response is required. The Coast Guard respectfully refers the Court to its email for a full and accurate statement of its contents.

70.     Admit.

71.     This paragraph contains legal conclusion, to which no response is required. To the extent a response is required, the Coast Guard denies the allegations.

72.     DOJ admits that it sent a letter to Plaintiffs acknowledging receipt of the FOIA request, assigning it reference number EMRUFOIA 030316-4, and informing Plaintiffs that the request had been forwarded to the National Security Division (NSD) as the component most likely to have responsive records. DOJ admits that NSD FOIA sent

an acknowledgement letter on April 8, 2016.  DOJ also admits NSD FOIA sent a letter

denying expedited processing on April 18, 2016. The remainder of this paragraph

contains Plaintiffs' characterization of NSD's letters, to which no response is required.

DOJ respectfully refers the Court to NSD's letters for a full and accurate statement of

their contents.

73.     DOJ admits that Plaintiffs filed an administrative appeal from NSD's

denial of Plaintiffs' request for expedited processing, a fee waiver, and a limitation of

fees.   DOJ also admits that its Office of Information Policy (OIP) issued a decision on

Plaintiffs' appeal on April 28, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of OIP's decision, to which no response is required.  DOJ respectfully

refers the Court to OIP's April 28, 2016 Decision for a full and accurate statement of its

contents.

74.     Admit.

75.     This paragraph contains legal conclusions, to which no response is

required.  To the extent a response is required, DOJ denies the allegations.

76.     DEA admits that by letter, dated March 10, 2016, it acknowledged receipt

of the Request and assigned it reference number 16-00389-F.  The second sentence in this

paragraph contains Plaintiffs' characterization of the contents of the DEA's March 10,

2016 letter, to which no response is required.  DEA respectfully refers the Court to its

March 10, 2016 letter for a full and accurate statement of its contents.  DEA admits that

by letter, dated March 21, 2016, it informed Plaintiffs that the Request had been

forwarded to the Office of Chief Counsel as the office within DEA most likely to

maintain records responsive to the Request.  DEA respectfully refers the Court to the

March 21, 2016 letter for a full and accurate statement of its contents.  DEA admits that

by letter dated March 22, 2016, it denied Plaintiffs' request for expedited processing.

DEA respectfully refers the Court to the March 22, 2016 letter for a full and accurate

statement of its contents.

77.     DEA admits that Plaintiffs filed an administrative appeal of DEA's denial

of Plaintiffs' request for expedited processing.  DEA also admits that OIP issued a

decision on Plaintiffs' appeal, dated April 26, 2016.  The remainder of this paragraph

contains Plaintiffs' characterization of OIP's decision, to which no response is required.

DEA respectfully refers the Court to OIP's April 26, 2016 Decision for a full and

accurate statement of its contents.

78.     DEA admits that it sought clarification regarding the scope of Item 1 of

the Request and further admits that the ACLU provided the requested clarification.  DEA

respectfully refers the Court to the email correspondence, dated June 10, 2016, and June

13, 2016, for a full and accurate statement of their content.

79.     DEA denies this paragraph.  DEA respectfully refers the Court to its final

determination letter, dated July 7, 2016, with which DEA produced nine (9) pages to

Plaintiffs, for a full and accurate statement of its content.

80.     This paragraph is composed of legal conclusions, to which no response is

required.  To the extent a response is required, DEA denies the allegations.

81.     FBI admits that it sent a letter to Plaintiffs, dated March 18, 2016,

acknowledging receipt of Plaintiffs' FOIA request.  FBI also admits that it sent a letter to

Plaintiffs, dated April 15, 2016.  The remainder of this paragraph contains Plaintiffs'

characterization of the FBI's letters, to which no response is required.  FBI respectfully

refers the Court to its March 18, 2016 and April 15, 2016 letters for a full and accurate statement of their contents.

82.     FBI admits that Plaintiffs filed an administrative appeal dated April 25, 2016, to DOJ's Office of Information Policy.  FBI admits that, by letter dated May 26, 2016, OIP affirmed the denial of expedited processing and advised plaintiff that a separate decision would be issued regarding plaintiffs' appeal from the denial of a fee waiver.  FBI respectfully refers the Court to the referenced letters for a full and accurate statement of their content.

83.     FBI admits that by letter dated May 10, 2016, it responded to Plaintiffs' request and advised that it had located 2,793 pages of potentially responsive records.  The letter advised Plaintiffs that they must indicate in writing their preference regarding the handling of the request.  They were advised to indicate their preference on the letter and return the selection within thirty (30) days of the date of the notification or their request would be closed.  They were also advised that they could contact FBI to discuss reducing the scope of the request in order to accelerate processing or reduce costs.  FBI respectfully refers the Court to the letter for a full and accurate statement of its content.  FBI denies receiving any response from Plaintiffs and was not aware of Plaintiffs sending a letter to the FBI dated June 9, 2016.

84.     FBI admits that no additional communication was made to Plaintiffs but avers that it has no record of receiving a response from Plaintiffs to its May 10, 2016 letter.

85.      This paragraph is composed of legal conclusions, to which no response is required.  To the extent a response is required, FBI denies the allegations.

86.     DOS admits that it sent a letter to Plaintiffs, dated March 11, 2016, acknowledging receipt of Plaintiffs' FOIA request.  The remainder of this paragraph contains Plaintiffs' characterization of DOS's letter, to which no response is required. DOS respectfully refers the Court to its March 11, 2016 letter for a full and accurate statement of its contents.

87.     DOS admits that Plaintiffs filed an administrative appeal from DOS's denial of Plaintiffs' request for expedited processing and that DOS responded to the appeal by letter, dated March 29, 2016.  The remainder of this paragraph contains Plaintiffs' characterization of Plaintiffs' appeal and DOS's letter, to which no response is required.  DOS respectfully refers the Court to Plaintiffs' appeal and DOS's March 29, 2016 letter for a full and accurate statement of their contents.

88.     DOS admits that it has not sent correspondence to Plaintiffs regarding the Request since March 29, 2016.  DOS further admits that it has not released records in response to Plaintiffs' FOIA request.

89.     This paragraph is composed of legal conclusions to which no response is required.  To the extent a response is required, DOS denies the allegations.

90.     Treasury acknowledged receipt of the Freedom of Information Act request in a letter dated April 26, 2016 and provided reference number 2016-03-104.  Treasury admits that it conditionally granted Plaintiffs' request for a fee waiver and denied the request for expedited processing.

91.     Treasury admits that the Plaintiffs sent a letter appealing Treasury's determination to deny Plaintiffs' request for expedited treatment dated April 27, 2016, which was received by Treasury on May 3, 2016.  Treasury admits that a letter

acknowledging receipt of the appeal was sent to the Plaintiffs and dated May 4, 2016.

92.     Admit.

93.     This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Treasury denies the allegations.

94.     The Office of the Director of National Intelligence (ODNI) admits that it acknowledged receipt of the Freedom of Information Act request in a letter dated March 11, 2016, and provided reference number DF-2016-00165.  ODNI respectfully refers the Court to its March 11, 2016 letter for a full and accurate statement of its contents.  ODNI admits that it conditionally granted Plaintiffs' request for a fee waiver and denied the request for expedited processing.

95.     ODNI admits that the Plaintiffs sent a letter dated March 30, 2016, appealing the ODNI's determination to deny Plaintiffs' request for expedited treatment, which was received by ODNI.  ODNI respectfully refers the Court to Plaintiffs' March 30, 2016 letter for a full and accurate statement of its contents.

96.     ODNI admits that it has not provided any further correspondence to the Plaintiffs regarding the request; however, ODNI attempted to contact Plaintiffs by telephone on April 13, 2016, to discuss ODNI's denial of expedited processing; to date, Plaintiffs have not responded to ODNI's contact.  ODNI admits that no records responsive to Plaintiffs' request have been provided by ODNI; however, ODNI notes that its March 11, 2016, correspondence to Plaintiffs included a reference and hyperlink to potentially responsive information available to Plaintiffs.

97.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, ODNI denies the allegations.

98.-103.      The allegations in these paragraphs consist of conclusions of law,
to which no response is required.  To the extent a response is required, Defendants deny
the allegations.

The remaining unnumbered paragraph, including subparts (1) through (4),
constitutes a prayer for relief, to which no response is required, but insofar as an answer
is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or
to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiffs' Complaint not expressly
admitted or denied.

Dated: September 7, 2016              Respectfully submitted,

                                      BENJAMIN C. MIZER
                                      Principal Deputy Assistant Attorney General

                                      ELIZABETH J. SHAPIRO
                                      Deputy Branch Director

                                      /s/ *Ryan B. Parker*
                                      RYAN B. PARKER
                                      (Utah Bar # 11724)
                                      Trial Attorney
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      Tel: (202) 514-4336
                                      Fax: (202) 616-8202
                                      ryan.parker@usdoj.gov