**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:16-cv-01256 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT PROPOSED SCHEDULING ORDER**

  Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (ACLU) submitted identical Freedom of Information Act (FOIA) requests to eighteen different Government entities for six different categories of information related to the prepublication review process.  ECF No. 1.  In this action, the ACLU is suing those eighteen entities for failing to respond to its FOIA requests.  *Id.*  The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016, and April 7, 2017.  ECF Nos. 23 and 26.  After receiving the parties' April 7, 2017, Joint Proposed Scheduling Order, the Court entered a Minute Order on April 10, 2017, directing the parties to file another Joint Proposed Scheduling Order by no later than June 24, 2017.

  Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling Order.  The Court's Standing Order in FOIA Cases directs parties to provide seven categories of information:

**I-III. The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

    **A.    CIA**

The CIA anticipates that it will be able to finish producing responsive records by June 23, 2017.

    **B.    DoD**

The Department of Defense has finished producing responsive records, and the ACLU does not anticipate challenging DoD's search or withholdings.

    **C.    DIA**

The Defense Intelligence Agency has finished producing responsive records, and the parties are in the process of discussing issues related to DIA's production.

    **E.    Air Force**

The Air Force has finished producing responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

    **F.    Navy**

The Navy has finished producing responsive records, and the parties are in the process of discussing issues related to the Navy's production.

    **G.    NGIA**

The National Geospatial-Intelligence Agency has finished producing responsive records, and the ACLU does not anticipate challenging NGIA's search or withholdings.

    **H.    NRO**

The National Reconnaissance Office has finished producing responsive records, and the parties are in the process of discussing issues related to NRO's production.

### I. NSA

The National Security Agency has finished producing responsive records, and the parties are in the process of discussing issues related to NSA's production.

### J. Marines

The Marines have finished producing responsive records, and the ACLU does not anticipate challenging the Marines' search or withholdings.

### K. DOE

The Department of Energy has finished producing responsive records, and the parties are in the process of discussing issues related to DOE's production.

### L. DHS

The Department of Homeland Security has finished producing responsive records, and the parties are in the process of discussing issues related to DHS's production.

### M. Coast Guard

The Coast Guard has finished producing responsive records, and the parties are in the process of discussing issues related to the Coast Guard's production.

### N. DOJ

The Department of Justice has finished producing responsive records, and the ACLU does not anticipate challenging DOJ's search or withholdings.

### O. DEA

The Drug Enforcement Administration has finished producing responsive records, and the ACLU does not anticipate challenging DEA's search or withholdings.

**P.     FBI**

The Federal Bureau of Investigation has been systematically processing a large number of responsive records and making regular rolling productions and anticipates completing the production of responsive records by approximately July 28, 2017.

**Q.     DOS**

The Department of State is systematically processing a large number of responsive records and making regular rolling productions.

**R.     DOT**

The Department of the Treasury has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**S.     ODNI**

The Office of the Director of National Intelligence has finished producing responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.    Whether a motion for an Open America stay is likely in this case**

The parties do not believe that an Open America stay is likely in this case.

**V.     Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.    Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to attempting to resolve this case without further Court involvement. They do not,

therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

### VII.  A proposed briefing schedule for dispositive motions, if applicable

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court.  Rather than proposing a briefing schedule for dispositive motions at this time, the parties propose to file another Joint Proposed Scheduling Order on August 25, 2017, to update the Court on the status of Defendants' productions and whether further litigation will be necessary.

Dated: June 23, 2017                                  Respectfully submitted,

| | |
|---|---|
| */s/ Brett Max Kaufman*<br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>314 Low Library<br>535 W. 116th Street | CHAD A. READLER<br>Acting Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Ryan B. Parker*<br>RYAN B. PARKER<br>(Utah Bar # 11724)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 514-4336<br>Fax: (202) 616-8202<br>ryan.parker@usdoj.gov<br><br>*Counsel for Defendants* |

5

| | |
|---|---|
| New York, NY 10027<br>(212) 854-9600<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | |