**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## JOINT PROPOSED SCHEDULING ORDER

Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (ACLU) submitted identical Freedom of Information Act (FOIA) requests to eighteen (18) different Government entities for six different categories of information related to the prepublication review process. ECF No. 1. In this action, the ACLU has sued those eighteen entities for failing to respond to its FOIA requests. *Id.*[1] The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017; and most recently on October 20, 2017. ECF Nos. 23, 26, 27, 29, and 30. After receiving the parties' Joint Proposed Scheduling Order on October 20, 2017, the Court entered a Minute Order on the same day, directing the parties to file another Joint Proposed Scheduling Order by no later than December 15, 2017. Defendants then moved

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

for and were granted an extension of time, until December 22, 2017, to file the parties' Joint Proposed Scheduling Order. *See* ECF No. 31.

Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling Order. The Court's Standing Order in FOIA Cases directs parties to provide seven categories of information:

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

    **A.   CIA**

The Central Intelligence Agency has finished producing responsive records, and the parties are in the process of discussing issues related to CIA's production.

    **B.   DoD**

The Department of Defense has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving its right to seek attorney's fees. ECF No. 28.

    **C.   DIA**

The Defense Intelligence Agency has finished producing responsive records, and the parties are in the process of discussing issues related to DIA's production.

    **E.   Air Force**

The Air Force has finished producing responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

**F.     Navy**

The Navy has finished producing responsive records, and the parties are in the process of discussing issues related to the Navy's production.

**G.     NGIA**

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees.  ECF No. 28.

**H.     NRO**

The National Reconnaissance Office has finished producing responsive records, and the parties are in the process of discussing issues related to NRO's production.

**I.     NSA**

The National Security Agency has finished producing responsive records, and the parties are in the process of discussing issues related to NSA's production.

**J.     Marines**

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

**K.     DOE**

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving its right to seek attorney's fees.  ECF No. 28.

    **L.**    **DHS**

The Department of Homeland Security has finished producing responsive records, and the parties are in the process of discussing issues related to DHS's production.

    **M.**    **Coast Guard**

The Coast Guard has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the Coast Guard, while reserving its right to seek attorney's fees.  ECF No. 28.

    **N.**    **DOJ**

The Department of Justice has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against DOJ, while reserving its right to seek attorney's fees.  ECF No. 28.

    **O.**    **DEA**

The Drug Enforcement Administration has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the DEA, while reserving its right to seek attorney's fees.  ECF No. 28.

**P.     FBI**

The Federal Bureau of Investigation has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**Q.     DOS**

The Department of State is systematically processing a large number of responsive records and making regular rolling productions.

**R.     DOT**

The Department of the Treasury has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**S.     ODNI**

The Office of the Director of National Intelligence has finished producing responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.    Whether a motion for an Open America stay is likely in this case**

The parties do not believe that an Open America stay is likely in this case.

**V.     Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.    Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not,

therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

## VII. A proposed briefing schedule for dispositive motions, if applicable

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court. Rather than proposing a briefing schedule for dispositive motions at this time, the parties propose to file another Joint Proposed Scheduling Order by February 23, 2018, to update the Court on the status of the remaining Defendants' productions and whether further litigation will be necessary.

Dated: December 22, 2017                                           Respectfully submitted,

| | |
|---|---|
| Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>*/s/ Alex Abdo*<br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>314 Low Library<br>535 W. 116th Street | CHAD A. READLER<br>Acting Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br> */s/ Ryan Parker*<br>RYAN B. PARKER<br>(Utah Bar # 11724)<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 514-4336<br>Fax: (202) 616-8202<br>ryan.parker@usdoj.gov<br><br>*Counsel for Defendants* |

| | |
|---|---|
| New York, NY 10027<br>(212) 854-9600<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | |