# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:16-01256 (EGS) ) |
| v. | ) ) |
| CENTRAL INTELLIGENCE AGENCY, *et al.,* | ) ) ) |
| Defendants. | ) ) ) |

## JOINT PROPOSED SCHEDULING ORDER

Plaintiffs American Civil Liberties Union and American Civil Liberties Union

Foundation (ACLU) submitted identical Freedom of Information Act (FOIA) requests to

eighteen (18) different Government entities for six different categories of information

related to the prepublication review process.  ECF No. 1.  In this action, the ACLU has

sued those eighteen entities for failing to respond to its FOIA requests.  *Id.*[1]  The parties

submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA

requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017;

October 20, 2017; and most recently on December 22, 2017.   ECF Nos. 23, 26, 27, 29,

30, and 32.  After receiving the parties' Joint Proposed Scheduling Order on December

22, 2017, the Court entered a Minute Order directing the parties to file a new Joint

Proposed Scheduling Order by February 23, 2018.  The parties moved for an extension of

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

time until March 9, 2018, to file their Joint Proposed Briefing Schedule, ECF No. 35, and

the Court granted their motion in Minute Order, dated February 26, 2018.

Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling

Order.  The Court's Standing Order in FOIA Cases directs parties to provide seven

categories of information:

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive
Records, and the Anticipated Dates by which Responsive Information Will
Be Produced**

**A.   CIA**

The Central Intelligence Agency has finished producing responsive records, and

the parties are in the process of discussing issues related to CIA's production.

**B.   DoD**

The Department of Defense has finished producing responsive records, and

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving

its right to seek attorney's fees.  ECF No. 28.

**C.   DIA**

The Defense Intelligence Agency has finished producing responsive records, and

the parties are in the process of discussing issues related to DIA's production.

**E.   Air Force**

The Air Force has finished producing responsive records, and the parties are in

the process of discussing issues related to the Air Force's production.

### F.    Navy

The Navy has finished producing responsive records, and the parties are in the process of discussing issues related to the Navy's production.

### G.    NGIA

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees.  ECF No. 28.

### H.    NRO

The National Reconnaissance Office has finished producing responsive records, and the parties are in the process of discussing issues related to NRO's production.

### I.    NSA

The National Security Agency has finished producing responsive records, and the parties are in the process of discussing issues related to NSA's production.

### J.    Marines

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

### K.    DOE

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving

its right to seek attorney's fees.  ECF No. 28.

**L.     DHS**

The Department of Homeland Security has finished producing responsive records,

and the parties are in the process of discussing issues related to DHS's production.

**M.     Coast Guard**

The Coast Guard has finished producing responsive records, and pursuant to

Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of

dismissal of its claims against the Coast Guard, while reserving its right to seek

attorney's fees.  ECF No. 28.

**N.     DOJ**

The Department of Justice has finished producing responsive records, and

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal of its claims against DOJ, while reserving its right to seek

attorney's fees.  ECF No. 28.

**O.     DEA**

The Drug Enforcement Administration has finished producing responsive records,

and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal of its claims against the DEA, while reserving its right to seek

attorney's fees.  ECF No. 28.

**P.      FBI**

The Federal Bureau of Investigation has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**Q.      DOS**

The Department of State is systematically processing a large number of responsive records and making regular rolling productions.

**R.      DOT**

The Department of the Treasury has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**S.      ODNI**

The Office of the Director of National Intelligence has finished producing responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.      Whether a motion for an Open America stay is likely in this case**

The parties do not believe that an Open America stay is likely in this case.

**V.      Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.      Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not,

therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

## VII.    A proposed briefing schedule for dispositive motions, if applicable

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court.  The Department of State is systematically processing a large number of documents and making rolling productions, and the parties are continuing to confer regarding issues related to the productions made by the other remaining parties.  Rather than proposing a briefing schedule for dispositive motions at this time, the parties propose to file another Joint Proposed Scheduling Order by May 18, 2018, to update the Court on the status of the Department of State's productions and whether further litigation will be necessary.

Dated: March 9, 2018                                Respectfully submitted,

| | |
|---|---|
| */s/ Brett Max Kaufman*<br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org | CHAD A. READLER<br>Acting Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Ryan Parker*<br>RYAN B. PARKER<br>(Utah Bar # 11724)<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 514-4336<br>Fax: (202) 616-8202<br>ryan.parker@usdoj.gov<br><br>*Counsel for Defendants* |

| | |
|---|---|
| Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-10115<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | |