**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) |
| Plaintiffs, | ) )  Case No. 1:16-01256 (EGS) |
| v. | ) ) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## JOINT PROPOSED SCHEDULING ORDER

Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (ACLU) submitted identical Freedom of Information Act (FOIA) requests to eighteen (18) different Government entities for six different categories of information related to the prepublication review process.  ECF No. 1.  In this action, the ACLU has sued those eighteen entities for failing to respond to its FOIA requests.  *Id.*[1]  The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017; October 20, 2017; December 22, 2017; and most recently on March 9, 2018.   ECF Nos. 23, 26, 27, 29, 30, 32 and 36.  After receiving the parties' Joint Proposed Scheduling Order on March 9, 2018, the Court entered a Minute Order directing the parties to file a new Joint Proposed Scheduling Order by May 18, 2018.

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling Order. The Court's Standing Order in FOIA Cases directs parties to provide seven categories of information:

**I-III.  The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

### A. CIA

The Central Intelligence Agency has finished producing responsive records, and the parties are in the process of discussing issues related to CIA's production.

### B. DoD

The Department of Defense has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving its right to seek attorney's fees. ECF No. 28.

### C. DIA

The Defense Intelligence Agency has finished producing responsive records, and the parties are in the process of discussing issues related to DIA's production.

### E. Air Force

The Air Force has finished producing responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

### F. Navy

The Navy has finished producing responsive records, and the parties are in the process of discussing issues related to the Navy's production.

### G.    NGIA

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees.  ECF No. 28.

### H.    NRO

The National Reconnaissance Office has finished producing responsive records, and the parties are in the process of discussing issues related to NRO's production.

### I.    NSA

The National Security Agency has finished producing responsive records, and the parties are in the process of discussing issues related to NSA's production.

### J.    Marines

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

### K.    DOE

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving its right to seek attorney's fees.  ECF No. 28.

**L.     DHS**

The Department of Homeland Security has finished producing responsive records, and the parties are in the process of discussing issues related to DHS's production.

**M.     Coast Guard**

The Coast Guard has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the Coast Guard, while reserving its right to seek attorney's fees.  ECF No. 28.

**N.     DOJ**

The Department of Justice has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against DOJ, while reserving its right to seek attorney's fees.  ECF No. 28.

**O.     DEA**

The Drug Enforcement Administration has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the DEA, while reserving its right to seek attorney's fees.  ECF No. 28.

**P.     FBI**

The Federal Bureau of Investigation has finished producing responsive records, with the exception of a small number of records that were sent to other agencies for referrals or consultations.  FBI expects to finish producing responsive, non-privileged records that were sent to other agencies for referrals or consultations by June 22, 2018.

**Q.      DOS**

The Department of State is systematically processing a large number of responsive records and making regular rolling productions.  The Department expects to complete its production of responsive, non-privileged records by June 11, 2018.

**R.      DOT**

The Department of the Treasury has finished producing responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations.

**S.      ODNI**

The Office of the Director of National Intelligence has finished producing responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.    Whether a motion for an Open America stay is likely in this case**

The parties do not believe that an Open America stay is likely in this case.

**V.     Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.    Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

## VII.   A proposed briefing schedule for dispositive motions, if applicable

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court.  The Department of State and Federal Bureau of Investigation expect to complete their production of responsive, non-privileged documents in June 2018.  After Defendants have completed their productions, the parties intend to confer and attempt to resolve any remaining issues.  Rather than proposing a briefing schedule for dispositive motions at this time, the parties propose to file another Joint Proposed Scheduling Order by August 10, 2018, to update the Court on whether further litigation will be necessary.

Dated: May 18, 2018                           Respectfully submitted,

| | |
|---|---|
| Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>*/s/ Alex Abdo*<br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University | CHAD A. READLER<br>Acting Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Ryan Parker*<br>TAMRA MOORE<br>RYAN B. PARKER<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 514-4336<br>Fax: (202) 616-8202<br>ryan.parker@usdoj.gov<br><br>*Counsel for Defendants* |

475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

*Counsel for Plaintiffs*