**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>          Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>          Defendants. | Case No. 1:16-cv-01256 (EGS) |

## JOINT PROPOSED SCHEDULING ORDER

Plaintiffs, American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "ACLU") submitted identical Freedom of Information Act ("FOIA") requests to eighteen (18) different Government entities for six different categories of information related to the prepublication review process. ECF No. 1. In this action, the ACLU has sued those eighteen entities for failing to respond to its FOIA requests. *Id.*[1] The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017; October 20, 2017; December 22, 2017; March 9, 2018; and most recently on May 18, 2018. ECF Nos. 23, 26, 27, 29, 30, 32, 36, and 37. After receiving the parties' Joint Proposed Scheduling Order on May 18, 2018, the Court entered a Minute

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

1

Order directing the parties to file a new Joint Proposed Scheduling Order by August 10, 2018.

Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling Order. The Court's Standing Order in FOIA Cases directs parties to provide seven categories of information:

**I-III. The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

All Defendants have now completed processing Plaintiffs' FOIA requests and produced all non-privileged, responsive documents. As set forth below, seven (7) Defendants have been dismissed pursuant to a Stipulation of Dismissal. The parties intend to confer regarding the status of the remaining eleven (11) Defendants.

**Defendants that have been dismissed pursuant to a Stipulation of Dismissal.**

    **A.**    **DoD**

The Department of Defense has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving its right to seek attorney's fees. ECF No. 28.

    **B.**    **NGIA**

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees. ECF No. 28.

### C.  Marines

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

### D.  DOE

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving its right to seek attorney's fees.  ECF No. 28.

### E.  Coast Guard

The Coast Guard has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the Coast Guard, while reserving its right to seek attorney's fees.  ECF No. 28.

### F.  DOJ

The Department of Justice has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against DOJ, while reserving its right to seek attorney's fees.  ECF No. 28.

### G.  DEA

The Drug Enforcement Administration has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal of its claims against the DEA, while reserving its right to seek attorney's fees. ECF No. 28.

**Defendants that remain the subject of the parties' conferral**

    **H.**    **CIA**

The Central Intelligence Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to CIA's production.

    **I.**    **DIA**

The Defense Intelligence Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DIA's production.

    **J.**    **Air Force**

The Air Force has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

    **K.**    **Navy**

The Navy has finished producing all non-privileged responsive records, and the parties are in the process of discussing issues related to the Navy's production.

    **L.**    **NRO**

The National Reconnaissance Office has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NRO's production.

    **M.**    **NSA**

The National Security Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NSA's production.

**N.    DHS**

The Department of Homeland Security has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DHS's production.

**O.    FBI**

The Federal Bureau of Investigation has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to FBI's production.

**P.    DOS**

The Department of State has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DOS's production.

**Q.    DOT**

The Department of the Treasury has finished producing all non-privileged, responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations, and the parties are in the process of discussing issues related to DOT's production.

**R.    ODNI**

The Office of the Director of National Intelligence has finished producing all non-privilege, responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.**     **Whether a motion for an Open America stay is likely in this case**

The parties do not believe that an Open America stay is likely in this case.

**V.**     **Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.**     **Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement. They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

**VII.**     **A proposed briefing schedule for dispositive motions, if applicable**

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court. Since the parties' May 2018 JSR, both the Department of State and the Federal Bureau of Investigation have completed their production of responsive, non-privileged documents. Through their counsel, the parties are now conferring to determine whether any remaining issues may be resolved outside of litigation. Given the parties' efforts to resolve any remaining issues outside of litigation (or alternatively, to substantially narrow the issues for this Court to resolve), the parties respectfully request that the Court grant them additional time to confer and file another Joint Proposed Scheduling Order by September 21, 2018, to update the Court on whether further litigation will be necessary.

Dated: August 10, 2018                                          Respectfully submitted,

| | |
|---|---|
| _/s/ Brett Max Kaufman_____<br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-10115<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | CHAD A. READLER<br>Acting Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Tamra T. Moore*_____<br>TAMRA MOORE<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 305-8628<br>Fax: (202) 305-8517<br>Tamra.Moore@usdoj.gov<br><br>*Counsel for Defendants* |