**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:16-cv-01256 (EGS) ) |
| v. | ) ) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**JOINT PROPOSED SCHEDULING ORDER**

Plaintiffs, American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "ACLU") submitted identical Freedom of Information Act ("FOIA") requests to eighteen (18) different Government entities for six different categories of information related to the prepublication review process. ECF No. 1. In this action, the ACLU has sued those eighteen entities for failing to respond to its FOIA requests. *Id.*[1] The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017; October 20, 2017; December 22, 2017; March 9, 2018; March 18, 2018; August 10, 2018; and most recently on September 21, 2018.  ECF Nos. 23, 26, 27, 29, 30, 32, 36, 37, 39, 40.  After receiving the parties' Joint Proposed Scheduling Order on September 21, 2018, the Court entered a Minute Order directing the parties to file a new

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

Joint Proposed Scheduling Order by November 24, 2018.   On November 24, 2018,

Defendants filed a consent motion for extension of time to file the parties' joint status report

on or before December 10, 2018, *see* ECF No. 41,which the Court granted by Minute Order

on December 3, 2018.

Pursuant to the Court's Order, the parties now file this Joint Proposed Scheduling

Order.   The Court's Standing Order in FOIA Cases directs parties to provide seven

categories of information:

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

All Defendants, except Defendant FBI, have now completed processing Plaintiffs'

FOIA requests and produced all non-privileged, responsive documents subject to FOIA.

As set forth below, seven (7) Defendants have been dismissed pursuant to a Stipulation of

Dismissal.   The parties intend to confer regarding the status of the remaining eleven (11)

Defendants and anticipate being in a position to submit a proposed briefing schedule for

any issues that remain to be litigated on or before January 25, 2019.

**Defendants that have been dismissed pursuant to a Stipulation of Dismissal.**

**A.      DoD**

The Department of Defense has finished producing responsive records, and

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving its

right to seek attorney's fees.  ECF No. 28.

**B.      NGIA**

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees.  ECF No. 28.

**C.      Marines**

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

**D.      DOE**

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving its right to seek attorney's fees.  ECF No. 28.

**E.      Coast Guard**

The Coast Guard has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the Coast Guard, while reserving its right to seek attorney's fees.  ECF No. 28.

**F.      DOJ**

The Department of Justice has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of

dismissal of its claims against DOJ, while reserving its right to seek attorney's fees.  ECF No. 28.

### G.    DEA

The Drug Enforcement Administration has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the DEA, while reserving its right to seek attorney's fees.  ECF No. 28.

**Defendants that remain the subject of the parties' conferral**

### H.    CIA

The Central Intelligence Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to CIA's production.

### I.    DIA

The Defense Intelligence Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DIA's production.

### J.    Air Force

The Air Force has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

### K.    Navy

The Navy has finished producing all non-privileged responsive records, and the parties are in the process of discussing issues related to the Navy's production.

**L.     NRO**

The National Reconnaissance Office has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NRO's production.

**M.     NSA**

The National Security Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NSA's production.

**N.     DHS**

The Department of Homeland Security has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DHS's production.

**O.     FBI**

In the parties joint Scheduling Order filed on August 10, 2018—and again in the Joint Proposed Scheduling Order filed on September 21, 2018—Defendant FBI represented that it had "finished producing all non-privileged, responsive records."  On November 1, 2018, counsel for Defendant FBI notified counsel for the ACLU via e-mail that the FBI had "conducted additional searches and located 1,800 additional potentially responsive pages that need to be processed and review."  Defendant FBI did not provide an explanation for why it did not previously produce these records, and the agency stated that it would process these records at its typical processing rate of 500 pages per month.

On November 4, 2018, counsel for Defendant FBI notified counsel for the ACLU via e-mail that "there are not 1800 potentially responsive records but 5378, . . . many of

which recently arrived from [Defendant] … FBI's off-site records center." Defendant FBI again stated that the agency could process the records at a rate of 500 pages per month. Counsel for Defendant FBI later clarified that in fact the number of potentially responsive records is "5,738 and not 5,378"—an error that is attributable to Defendants' counsel's inadvertent transposition of two numbers, and not Defendant FBI. On Defendant FBI's proposed schedule, the agency would finish producing responsive documents in October 2019.

The ACLU believes that it is entitled to expedited processing of these records and has proposed a processing rate of 1,500 pages per month. The parties are currently attempting to resolve this issue without the involvement of the Court. Counsel for Defendant FBI will provide the ACLU with the FBI's response to the ACLU's proposed processing schedule on or before December 20, 2018. If the parties are unable to come to an agreement after that time, the ACLU may move for a status hearing to seek a Court-imposed deadline for processing.

### P.    DOS

The Department of State has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DOS's production.

### Q.    DOT

The Department of the Treasury has finished producing all non-privileged, responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations, and the parties are in the process of discussing issues related to DOT's production.

**R.      ODNI**

The Office of the Director of National Intelligence has finished producing all non-privilege, responsive records, and the parties are in the process of discussing issues related to ODNI's production.

**VI.      Whether a motion for an Open America stay is likely in this case**

The parties do not believe that a motion for an Open America stay is likely in this case.

**V.      Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.      Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

**VII.      A proposed briefing schedule for dispositive motions, if applicable**

The parties have made significant progress in narrowing the issues in dispute and are committed to working toward a resolution of this matter without the need for further involvement from the Court.  Since the parties' September 2018 Joint Status Report, the parties, through their counsel, have been conferring to determine whether any remaining issues may be resolved outside of litigation.  Given the parties' efforts to resolve the remaining issues outside of litigation (or alternatively, to substantially narrow the issues for this Court to resolve), the parties respectfully request that the Court grant them additional time to confer and file another Joint Status Report by January 25, 2019, at which

time the parties anticipate being in a position to update the Court on whether further litigation will be necessary and propose a briefing schedule to address what, if any, issues remain to be litigated in this case.

Dated: December 10, 2018                                        Respectfully submitted,

| | |
|---|---|
| _/s/ Brett Max Kaufman_____<br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-10115<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | JOSEPH H. HUNT<br>Assistant Attorney General,<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Tamra T. Moore*_____<br>TAMRA MOORE<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 305-8628<br>Fax: (202) 305-8517<br>Tamra.Moore@usdoj.gov<br><br>*Counsel for Defendants* |