**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:16-cv-01256 (EGS)

## JOINT PROPOSED SCHEDULING ORDER

Plaintiffs, American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "ACLU") submitted identical Freedom of Information Act ("FOIA") requests to eighteen (18) different Government entities for six different categories of information related to the Defendants' respective prepublication review processes. ECF No. 1. In this action, the ACLU has sued those eighteen entities for failing to respond to its FOIA requests. *Id.*[1] The parties submitted Joint Proposed Scheduling Orders updating the Court on the status of the FOIA requests at issue on November 14, 2016; April 7, 2017; June 23, 2017; August 25, 2017; October 20, 2017; December 22, 2017; March 9, 2018; March 18, 2018; August 10, 2018; September 21, 2018; and on December 10, 2018. ECF Nos. 23, 26, 27, 29, 30, 32, 36, 37, 39, 40, 42.

---

[1] Seven of those entities have been dismissed from this action by stipulation. *See* ECF No. 28.

1

Pursuant to the Court's recent scheduling Order, the parties now file this Joint Proposed Scheduling Order.  The Court's Standing Order in FOIA Cases directs parties to provide seven categories of information:

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

All Defendants, except Defendant FBI, have now completed processing Plaintiffs' FOIA requests and produced all non-privileged, responsive documents subject to FOIA. As set forth below, seven (7) Defendants have been dismissed pursuant to a Stipulation of Dismissal.  The parties continue to confer regarding the status of all but one (1) of the remaining eleven (11) Defendants.

**Defendants that have been dismissed pursuant to a Stipulation of Dismissal.**

**A.    DoD**

The Department of Defense has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DoD, while reserving its right to seek attorney's fees.  ECF No. 28.

**B.    NGIA**

The National Geospatial-Intelligence Agency has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against NGIA, while reserving its right to seek attorney's fees.  ECF No. 28.

### C.      Marines

The Marines have finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against the Marines, while reserving its right to seek attorney's fees.  ECF No. 28.

### D.      DOE

The Department of Energy has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal, signed by all parties, of its claims against DOE, while reserving its right to seek attorney's fees.  ECF No. 28.

### E.      Coast Guard

The Coast Guard has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against the Coast Guard, while reserving its right to seek attorney's fees.  ECF No. 28.

### F.      DOJ

The Department of Justice has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a stipulation of dismissal of its claims against DOJ, while reserving its right to seek attorney's fees.  ECF No. 28.

### G.      DEA

The Drug Enforcement Administration has finished producing responsive records, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the ACLU has filed a

stipulation of dismissal of its claims against the DEA, while reserving its right to seek attorney's fees.  ECF No. 28.

**Defendants that remain the subject of the parties' conferral**

> **H.     DIA**

The Defense Intelligence Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DIA's production.

> **I.     Air Force**

The Air Force has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to the Air Force's production.

> **J.     Navy**

The Navy has finished producing all non-privileged responsive records, and the parties are in the process of discussing issues related to the Navy's production.

> **K.     NRO**

The National Reconnaissance Office has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NRO's production.

> **L.     NSA**

The National Security Agency has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to NSA's production.

> **M.     DHS**

The Department of Homeland Security has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DHS's production.

**N.      FBI**

In the parties joint Scheduling Order filed on August 10, 2018—and again in the Joint Proposed Scheduling Order filed on September 21, 2018—Defendant FBI represented that it had "finished producing all non-privileged, responsive records."  On November 1, 2018, counsel for Defendant FBI notified counsel for the ACLU via e-mail that the FBI had "conducted additional searches and located 1,800 additional potentially responsive pages that need to be processed and review."  Defendant FBI did not provide an explanation for why it did not previously produce these records, and the agency stated that it would process these records at its typical processing rate of 500 pages per month.

On November 4, 2018, counsel for Defendant FBI notified counsel for the ACLU via e-mail that "there are not 1800 potentially responsive records but 5378, . . . many of which recently arrived from [Defendant] … FBI's off-site records center." Defendant FBI again stated that the agency could process the records at a rate of 500 pages per month. Counsel for Defendant FBI later clarified that in fact the number of potentially responsive records is "5,738 and not 5,378"—an error that is attributable to Defendants' counsel's inadvertent transposition of two numbers, and not Defendant FBI. On Defendant FBI's proposed schedule, the agency would finish producing responsive documents in October 2019.

Since the filing of the parties' last Joint Status Report, the parties, through their respective counsel, have reached an agreement with respect to the processing of these

remaining records. Pursuant to the parties' agreement, the FBI will produce all responsive records by early July 2019.

### O.     DOS

The Department of State has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to DOS's production.

### P.     DOT

The Department of the Treasury has finished producing all non-privileged, responsive records, with the exception of a small number of records that have been sent to other agencies for referrals or consultations, and the parties are in the process of discussing issues related to DOT's production.

### Q.     ODNI

The Office of the Director of National Intelligence has finished producing all non-privileged, responsive records, and the parties are in the process of discussing issues related to ODNI's production.

## VI.     Whether a motion for an Open America stay is likely in this case

The parties do not believe that a motion for an Open America stay is likely in this case.

## V.     Whether a Vaughn index will be required in this case

*Vaughn* indices will be required in this case.

## VI.     Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement. They do not,

therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

## VII.    A proposed briefing schedule for dispositive motions, if applicable

The parties do not agree on a whether it is appropriate to propose a briefing schedule at this stage in the litigation.  As set forth in detail below, the ACLU has proposed a bifurcated summary judgment briefing schedule. However, Defendants believe that it would be preferable for the parties to pursue summary judgment briefing when the parties have resolved all of the remaining issues.

## Plaintiffs' Proposal

1.    For two reasons, the ACLU proposes that the Court bifurcate summary judgment briefing to allow the parties first to litigate the ACLU's challenges to redactions and withholdings made by Defendant CIA.

2.    First, bifurcation is necessary to alleviate the substantial delay caused by Defendant FBI's late and unexplained discovery of thousands of additional records responsive to the ACLU's request. As the parties noted in their Joint Proposed Scheduling Order filed on December 10, 2018, Defendant FBI identified nearly six thousand additional potentially responsive records in November 2018—nearly two and half years into this litigation—after representing to the Court in August 2018 and then again in September 2018 that it had "finished producing all non-privileged, responsive records." On November 1, 2018, counsel for Defendant FBI notified counsel for the ACLU via e-mail that Defendant FBI had "conducted additional searches and located 1,800 additional potentially responsive pages that need to be processed and reviewed." Defendant FBI did not provide an explanation for why it did not previously produce these records. On November 4, 2018,

counsel for Defendant FBI notified counsel for the ACLU via e-mail that "there are not 1800 potentially responsive records but [5,738], . . . many of which recently arrived from [Defendant] . . . FBI's off-site records center." Defendant FBI is currently producing responsive records to the ACLU on a rolling basis and expects to complete production in July 2019. Because Defendant FBI previously failed to identify all potentially responsive records, the parties will not be in a position to brief all issues in dispute with respect to all defendant agencies until the late summer or early fall—more than three years after the ACLU filed its initial complaint.

3.      Second, bifurcation will help streamline any further litigation. The ACLU is prepared to challenge various elements of Defendant CIA's response, which is final. With respect to the other defendant agencies, including Defendant FBI, the ACLU is uncertain as to what (if any) challenges it may bring in litigation. Moreover, the set of legal issues that will be the subject of litigation with Defendant CIA is manageable and limited— and, in fact, the resolution of some of those issues may make further litigation with the other agencies over similar issues entirely unnecessary.

4.      In light of the above, the ACLU proposes that the Court order the following briefing schedule for partial summary judgment with respect to the CIA:

- By **March 4, 2019**, Defendant CIA shall provide a draft *Vaughn* index;

- By **March 18, 2019**, the ACLU shall communicate to Defendant CIA the remaining redactions and withholdings that the ACLU intends to challenge;

- By **April 15, 2019**, Defendant CIA shall serve its motion for partial summary judgment;

- By **May 13, 2019**, the ACLU shall serve its cross-motion for partial summary judgment and brief in opposition to Defendant CIA's motion;

- By **May 28, 2019**, Defendant CIA shall serve its reply and brief in opposition to the ACLU's cross-motion; and

- By **June 11, 2019**, the ACLU shall serve its reply.

**Defendants' Proposal**

Summary judgment briefing at this stage in the litigation is premature.  As discussed above, there are several issues about which the parties continue to confer with respect to ten (10) of the remaining Defendants in this litigation about Defendants' pre-publication review processes.  There is no reason that the parties cannot resolve these remaining issues during the five (5) months that the FBI completes the processing of the potentially responsive records that it recently identified and be prepared to submit a joint summary judgment briefing schedule that addresses all of the issues for which the parties are unable to agree and remain to be resolved by this Court.

By contrast, Plaintiffs' proposed bifurcated summary judgment briefing schedule requires the parties to file eight (8) separate briefs— a first round of summary judgment briefing with respect to Defendant CIA's response to Plaintiffs' FOIA requests and then a second (separate) set a summary judgment briefing addressing the FOIA responses by the remaining ten (10) Defendant agencies.  In addition to potentially creating for redundancies in the two separate rounds of summary judgment briefing, it is Defendants' view that bifurcating summary judgment in this manner is inefficient and does not conserve either the Court's or the parties' time and effort in addressing the issues that remain for the Court to resolve in this case.  *Cf. Accuracy in Media, et al. v. U.S. Dep't of Def.*, Civ. No. 14-

1589 (EGS), Minute Order (June 23, 2015) (denying plaintiffs' first and second motion for

partial summary judgment without prejudice, noting that plaintiffs' multiple (partial)

dispositive motions were "unnecessarily piecemeal"; that "plaintiff proceeded to file this

case as one civil action" against "a number of defendants and including a number of legal

and factual issues" and that accordingly "it will proceed as such").[2]


Dated: February 11, 2019                              Respectfully submitted,


|  |  |
|---|---|
|  /s/ Brett Max Kaufman              | JOSEPH H. HUNT |
| Brett Max Kaufman | Assistant Attorney General, |
| American Civil Liberties Union | Civil Division |
| 125 Broad Street—18th Floor |  |
| New York, NY 10004 | ELIZABETH J. SHAPIRO |
| T: 212.549.2500 | Deputy Branch Director |
| F: 212.549.2654 |  |
| bkaufman@aclu.org | /s/ Tamra T. Moore          |
|  | TAMRA MOORE |
| Arthur B. Spitzer (D.C. Bar No. 235960) | United States Department of Justice |
| American Civil Liberties Union | Civil Division, Federal Programs Branch |
|   of the Nation's Capital | Tel: (202) 305-8628 |
| 4301 Pennsylvania Avenue, NW, | Fax: (202) 305-8517 |
| Suite 434 | Tamra.Moore@usdoj.gov |
| Washington, D.C. 20008 |  |
| T: 202.457.0800 | *Counsel for Defendants* |
| F: 202.457.0805 |  |
| artspitzer@aclu-nca.org |  |
|  |  |
| Alex Abdo (admitted *pro hac vice*) |  |
| Jameel Jaffer (D.C. Bar No. MI0067) |  |
| Knight First Amendment Institute |  |
| at Columbia University |  |
| 475 Riverside Drive, Suite 302 |  |
| New York, NY 10115 |  |
| (646) 745-10115 |  |
| alex.abdo@knightcolumbia.org |  |

[2] If, however, the Court were to accept bifurcated briefing, the time table suggested by
Plaintiffs is unworkable and would require additional negotiation.  But for all of the
reasons above, the far more efficient plan is a single round of briefing.

| *Counsel for Plaintiffs* | |
|---|---|