IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 1:16-cv-1256 (EGS) |
| *v.* | ) ) | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) | |
| *Defendants*. | ) ) ) | |

**DEFENDANT CENTRAL INTELLIGENCE AGENCY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

STATUTORY STANDARDS .................................................................................................. 3

I. The Freedom of Information Act ................................................................................. 3

II. Special Considerations in National Security Cases ........................................................ 4

ARGUMENT ........................................................................................................................... 5

I. The Challenged Redaction Is Proper under FOIA Exemptions 1, 3, and 6. ....................... 5

    A. CIA Properly Withheld Information under Exemption 1. ..................................... 5

    B. CIA Properly Withheld Information under Exemption 3. ..................................... 7

    C. CIA Properly Withheld Information under Exemption 6. ..................................... 8

    D. The CIA Has Not Waived Any of the Above-Asserted Exemptions
        Through Official Acknowledgement. .................................................................. 10

CONCLUSION ...................................................................................................................... 10

## INTRODUCTION

This action arises from a Freedom of Information Act ("FOIA") request submitted by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "the ACLU" or "Plaintiffs") to 19 federal agencies, for seven different categories of information related to the agencies' respective prepublication review processes. Dkt. No. 1. In its Complaint, the ACLU originally named 18 of those agencies as Defendants, *id.*; however, it subsequently voluntarily dismissed all but two of them—the Central Intelligence Agency ("CIA" or "Agency") and the Air Force[1]—and challenges here only a single withholding, in a single CIA document.[2]

As set forth in detail below, the withholding in question redacts the names of certain current or former CIA employees who, as of May 2009, had been granted an exemption from the CIA's standard prepublication procedures. One of these employees is or was covert, and thus that employee's name is protected by FOIA Exemption 1, which exempts from disclosure information that is currently and properly classified. 5 U.S.C. § 552(b)(1). Additionally, the

---

[1] On August 24, 2017, the ACLU stipulated to dismissal of seven entities: Coast Guard, Department of Defense, Department of Energy, Department of Justice, Drug Enforcement Administration, Marines, and National Geospatial-Intelligence Agency. Dkt. No. 28. On August 15, 2019, the ACLU further stipulated to the dismissal of nine additional agencies: Defense Intelligence Agency, Department of Homeland Security, Department of State, Department of Treasury, Federal Bureau of Investigation, National Reconnaissance Office, National Security Agency, Navy; and Office of the Director of National Intelligence. Dkt. No. 51. Both stipulations reserved the ACLU's right to seek attorney's fees at a later point in the proceedings. Dkt. Nos. 28, 51.

[2] The Air Force remains a Defendant to this suit, but the ACLU is not challenging any of its withholdings in its productions to the relevant FOIA requests. Rather, the Air Force has committed to resolving certain readability issues with several charts it produced to Plaintiffs. Plaintiffs have declined to dismiss the Air Force until these issues (which are not relevant to the instant motion) are fully resolved.

withholding is independently justified, in full, under each of FOIA Exemptions 3 and 6. The former protects from disclosure information that is "specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3)—here, the Central Intelligence Act of 1949 ("CIA Act"), which specifically protects the "names … of personnel employed by the Agency," 50 U.S.C. § 3507. The latter exempts "personnel … files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and similarly protects the names of CIA personnel, in the circumstances presented.

Accordingly, Defendants are entitled to summary judgment.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The issues presented by this motion are quite narrow and discrete. As relevant here, CIA was among the 19 agencies to which the ACLU directed its FOIA requests regarding various aspects of the agencies' respective prepublication review processes—*i.e.*, the mandatory procedures that certain federal employees who are or were subject to secrecy agreements must follow prior to making written or spoken public statements or publications concerning their federal employment. Declaration of Antoinette B. Shiner ("Shiner Decl.") ¶ 5 & Ex. A thereto (the underlying FOIA requests); *cf. Snepp v. United States*, 444 U.S. 507, 510, 511 (1980) (upholding the constitutionality of such procedures, as a "reasonable means" of affording the Government an "opportunity to determine whether the material … proposed to [be] publish[ed] [by a covered employee] would compromise classified information or sources").

Plaintiffs submitted the relevant FOIA requests to the CIA on March 3, 2016. Shiner Decl. ¶ 5 & Ex. A thereto. On June 21, 2016, Plaintiffs initiated this suit, naming, *inter alia*, the CIA as a Defendant. Dkt. No. 1. On April 7, 2017, the CIA made an initial production, releasing nine documents in part and withholding seven documents in full, Shiner Decl. ¶ 12 & Ex. F

thereto, and on June 23, 2017, the CIA made a final production, releasing an additional 59 documents in part and withholding three more in full, *id.* ¶ 13 & Ex. G thereto.

The ACLU has informed defense counsel that it is challenging only one of the CIA's withholdings—a redaction that appears on the first page of one of the documents produced to the ACLU in the CIA's initial production. Defendant's Exhibit ("DEX") 1, 2 (email exchange between counsel confirming this limitation, and attaching the relevant document). CIA has confirmed that the redaction in question is to "the names of several CIA employees." Shiner Decl. ¶ 14.

## STATUTORY STANDARDS

### I. The Freedom of Information Act

Although the Freedom of Information Act "strongly favors prompt disclosure, its nine enumerated exemptions are designed to protect those 'legitimate governmental and private interests' that might be 'harmed by release of certain types of information.'" *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)). Accordingly, the exemptions must be given "meaningful reach and application" in order to achieve the "workable balance" that Congress has struck "between the right of the public to know and the need of the Government to keep information in confidence." *John Doe Agency*, 493 U.S. at 152 (citations omitted). The agency bears the burden of justifying the withholding of material responsive to a FOIA request, and a court reviews the agency's response to the request *de novo*. 5 U.S.C. § 552(a)(4)(B).

"Most FOIA cases are appropriately resolved on motions for summary judgment." *Gilliam v. DOJ*, 128 F. Supp. 3d 134, 138 (D.D.C. 2015) (citing *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011)). Summary judgment is warranted "if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court may award summary judgment in a FOIA action solely on the basis of information provided by the agency through declarations that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). This is not a high bar: "[u]ltimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.*; *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (agencies' FOIA declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims.").

## II.     Special Considerations in National Security Cases

The issues presented in this case directly "implicat[e] national security, a uniquely executive purview." *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 926-27 (D.C. Cir. 2003). Courts "accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record[s] [in a FOIA suit] because the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse [e]ffects might occur as a result of [the disclosure of] a particular classified record." *Larson*, 565 F.3d at 864 (citation omitted); *see also ACLU v. DoD*, 628 F.3d 612, 619 (D.C. Cir. 2011) (hereinafter, "*ACLU v. DoD*") (explaining that "courts lack the expertise to second-guess such agency opinions in the typical national security FOIA case"); *Ctr. for Nat'l Sec. Studies*, 331 F.3d at 927 ("[I]n the FOIA context, we have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review."). FOIA

"bars the courts from prying loose from the government even the smallest bit of information that is properly classified or would disclose intelligence sources or methods." *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983).

## ARGUMENT

### I. The Challenged Redaction Is Proper under FOIA Exemptions 1, 3, and 6.

As explained above, Plaintiffs challenge only a single redaction to a single CIA document. For the reasons set forth below, the withholding in question is proper under FOIA Exemptions 1, 3, and 6.

#### A. CIA Properly Withheld Information under Exemption 1.

Exemption 1 protects from disclosure records that are "(A) specifically authorized … by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Executive Order No. 13526, which currently governs the classification of national security information, establishes four prerequisites: (1) an original classification authority classifies the information; (2) the U.S. Government owns, produces, or controls the information; (3) the information is within one of eight protected categories listed in Section 1.4 of the Order ("Section 1.4"); and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, and identifies or describes that damage. Exec. Order No. 13526, § 1.1(a). The information must also "pertain[] to" one of the categories of information specified in the Executive Order, including "intelligence activities (including covert action), intelligence sources or methods." Exec. Order No. 13,526 §§ 1.4(c); *see also Judicial Watch, Inc. v. DoD*, 715 F.3d 937, 941 (D.C. Cir. 2013) ("'[P]ertains' is 'not a very demanding verb.'") (citation omitted). As addressed above, in

matters affecting national security, courts afford "substantial weight" to an agency's declarations addressing classified information, and defer to the expertise of agencies involved in national security and foreign relations. *ACLU v. DoD*, 628 F.3d at 619 (citing *Wolf*, 473 F.3d at 374).

Here, CIA has provided a declaration from an individual who is authorized to classify national security information, who has personally reviewed the information at issue and confirmed that it is owned and under the control of the United States. Shiner Decl. ¶ 16. As that declaration explains:

> The redaction made pursuant to Exemption (b)(1) protects the name of a covert Agency officer. In order to carry out the mission of gathering and disseminating intelligence information, the CIA places many Agency officers under cover to protect the fact, nature, and details of the CIA's interest in foreign activities and the intelligence sources and methods employed to assist those activities. Revealing the identify of a covert officer puts the officer and his or her family in jeopardy, exposes the cover provider to unwarranted risk, and degrades the effectiveness of current and future intelligence activities. Compromise of an officer's cover can also allow hostile intelligence services and terrorist organizations to determine the locations in which the officer has worked and the people with whom the officer has met. Disclosing the identity of a covert officer can thus jeopardize anyone—even innocent individuals—with whom the officer had contact.

*Id*. ¶ 17.

For these reasons, the CIA determined that the name of the covert Agency officer is currently and properly classified "because it concerns '"intelligence activities (including covert action), intelligence sources or methods,"'" *id.* ¶ 16 (quoting Exec. Order No. 13526 § 1.4(c)), and its disclosure "could reasonably be expected to result in damage to national security," *id*. Based on CIA's declaration, and the deference owed to national security officials in this context, the Court should uphold the Exemption 1 withholding by CIA. *See*, *e.g.*, *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003); *Wilson v. McConnell*, 501 F. Supp. 2d 545, 553 (S.D.N.Y. 2007), *aff'd sub nom. Wilson v. CIA*, 586 F.3d 171 (2d Cir. 2009) (upholding an Exemption 1 assertion

over information regarding covert CIA employment, and noting that "[c]lassification decisions by the CIA are entitled to the highest level of judicial deference because 'it is the responsibility of the Director of Central Intelligence, not that of the [courts], to weigh the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the Agency's intelligence-gathering process.'") (quoting *CIA v. Sims*, 471 U.S. 159, 180 (1985)).

      B.     **CIA Properly Withheld Information under Exemption 3.**

Exemption 3 incorporates into FOIA "the protections of other shield statutes," *ACLU v. DoD*, 628 F.3d at 617-18, by excluding from FOIA's purview matters that are "specifically exempted from disclosure by statute" if the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue," or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). The Government's mandate to withhold information under Exemption 3 is broader than its authority under Exemption 1, as it does not have to demonstrate that the disclosure will harm national security. Instead, "[t]o invoke Exemption 3, the government need only show that the withheld material falls within a statute meeting the exemption's conditions." *DiBacco v. U.S. Dep't of the Army*, 926 F.3d 827, 835 (D.C. Cir. 2019) (citation omitted). "If an agency's statements supporting exemption contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise … the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions." *Id.* Here, CIA properly invokes Exemption 3 to justify the redaction at issue under the Central Intelligence Act of 1949 ("CIA Act").

It is well-established that the CIA Act, as amended, 50 U.S.C. § 3501 *et seq.*, satisfies the criteria for withholding of information pursuant to Exemption 3. *See Fitzgibbon v. CIA*, 911 F.2d 755, 761 (D.C. Cir. 1990) (recognizing the CIA Act is an Exemption 3 statute and noting that "[t]his conclusion is supported by the plain meaning of the statute, by the legislative history of FOIA, and by every federal court of appeals that has considered the matter"). As relevant here, Section 6 of the CIA Act provides that:

> [T]he Agency shall be exempted from ... the provisions of any other law which require[s] the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency.

50 U.S.C. § 3507.

CIA invokes this statute to protect precisely such information; as the Shiner Declaration explains, "[t]he redaction at issue contains the names of personnel currently or formerly employed by the CIA, the disclosure of which the CIA Act expressly prohibits." Shiner Decl. ¶ 20; *see also, e.g.*, *Blazy v. Tenet*, 979 F. Supp. 10, 25 (D.D.C. 1997), *aff'd*, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998) ("[T]he CIA is entitled to withhold the names of its employees under Section 6 of the Central Intelligence Act of 1949."). Accordingly, Exemption 3 and the CIA Act provide an independent ground entitling CIA to the entry of summary judgment in its favor.

### C. CIA Properly Withheld Information under Exemption 6.

Finally, the redaction at issue is also proper under Exemption 6, which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has adopted a broad construction of the privacy interests protected by Exemption 6, emphasizing that "privacy encompass[es] the individual's control of information concerning his or her person."

*DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) (citation omitted). Privacy is of particular importance in the FOIA context because a disclosure required by the FOIA is a disclosure to the public at large. *See Painting & Drywall Work Pres. Fund, Inc. v. HUD*, 936 F.2d 1300, 1302 (D.C. Cir. 1991).

Exemption 6 requires an agency to balance the individual's right to privacy against the public's interest in disclosure. *U.S. Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976). The agency must determine whether disclosure of the information threatens a protectable privacy interest; if so, the agency must weigh that privacy interest against the public interest in disclosure, if any. *See Reed v. NLRB*, 927 F.2d 1249, 1251 (D.C. Cir. 1991). The "only relevant public interest … to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." *DoD v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994). Plaintiff bears the burden of demonstrating disclosure would serve this interest. *See Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391-92 nn. 8 & 13 (D.C. Cir. 1987).

CIA properly applied these principles to "withhold names of CIA personnel contained in the redaction at issue." Shiner Decl. ¶ 23. As set forth in the Shiner Declaration, the CIA personnel identified in this document have a substantial privacy interest in not having their identities and/or contact information disclosed, because such disclosure "could subject them to harassment or unwanted contact by the media." *Id*. Conversely, disclosure of these identities would shed no light on CIA operations or activities. *Id*. ¶ 24. *Cf. Nat'l Ass'n of Ret'd Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[S]omething, even a modest privacy interest, outweighs nothing every time."). Accordingly, the Court should also grant summary judgment in CIA's favor on the basis of Exemption 6.

### D. The CIA Has Not Waived Any of the Above-Asserted Exemptions Through Official Acknowledgement.

Finally, any argument that the CIA has "officially acknowledged" the names at issue is inapplicable here. That doctrine provikjdes, "that when an agency has officially acknowledged otherwise exempt information through prior disclosure, the agency has waived its right to claim an exemption with respect to that information." *Am. Civil Liberties Union v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013); *see* DEX 3 (email conferral regarding the redaction between counsel for the parties). But there is no basis for such a finding. It is well-established that "[a] plaintiff mounting an official acknowledgment argument 'must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld.'" *Id.* (quoting, *inter alia*, *Afshar v. Dep't of State,* 702 F.2d 1125, 1130 (D.C.Cir.1983)). The ACLU to date has not done so. Further, insofar as the ACLU's argument is, in essence, that the fact of a publication by any of the current or former CIA employees whose names have been withheld somehow constitutes an official acknowledgement, binding authority in this Circuit provides otherwise. *See*, *e.g.*, *Afshar*, 702 F.2d at 1133(expressly rejecting plaintiff's argument that "the CIA's screening and approval of [certain] books brought them into the official realm" constitutes official acknowledgment); *Cable News Network, Inc. v. FBI*, 293 F. Supp. 3d 59, 73 (D.D.C. 2018) ("To be 'official,' the release must have been by 'the agency from which the information is being sought.'") (quoting) *Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999).

### CONCLUSION

For all the foregoing reasons, CIA respectfully requests that the Court grant its motion for summary judgment and enter judgment in its favor on all claims.

                    Respectfully submitted,

                    JOSEPH H. HUNT
                    Assistant Attorney General

                    ELIZABETH J. SHAPIRO
                    Deputy Branch Director

                    /s/
                    Antonia Konkoly
                    Trial Attorney
                    U.S. Department of Justice
                    Civil Division, Federal Programs Branch
                    1100 L St. NW, Room 11110
                    Washington, DC 20005
                    (202) 514-2395 (direct)
                    (202) 616-8470
                    antonia.konkoly@usdoj.gov

                    *Counsel for the Defendants*

DATED: September 12, 2019