IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:16-cv-1256 (EGS) |

## DEFENDANT CENTRAL INTELLIGENCE AGENCY'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

### INTRODUCTION

On February 11, 2022 Plaintiffs American Civil Liberties Union and American Civil Liberties Foundation (collectively, "the ACLU," or "Plaintiffs") filed a motion to extend their time to appeal the Court's judgment in this case ("Pls.' Mot."), Dkt. No. 73. Plaintiffs rely on Federal Rule of Civil Procedure 58(e) as grounds to extend an appeal deadline that has already expired. Because Plaintiffs failed to make a Rule 58(e) motion prior to the expiration of the deadline, however, this Court cannot grant Plaintiffs' motion. The time to appeal is jurisdictional, and the time to move the district court to suspend the deadline has passed.

1

## ARGUMENT

### THIS COURT CANNOT GRANT A RULE 58(e) MOTION AFTER THE APPEAL DEADLINE HAS PASSED

This Court entered judgment in favor of the CIA on December 8, 2021, Dkt. No. 71, and as Plaintiffs acknowledge, the 60-day appeal period established by Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(B)(ii) expired on February 7, 2022. Plaintiffs contend, however, that "Federal Rule of Civil Procedure [("FRCP")] 58(e) permits the Court to extend the time for filing a notice of appeal" in the circumstances presented here. Pls. Mot. at 1. Specifically, Plaintiffs argue that because they previously obtained an extension through and including February 21, 2022 to file a petition for attorney's fees pursuant to FRCP 54(d)(2), the Court may exercise its discretion under FRCP 58(e) to extend their appeal deadline, even *after* the 60-day appeal period has closed. *See* Pls.' Mot. at 1 (citing FRAP 4(a)(4)(A)(iii)).

Plaintiffs' reading of the interplay between FRAP 4(a)(4)(A)(iii) and FRCP 58(e) does not withstand scrutiny. FRAP 4(a)(4)(A)(iii) sets forth a limited exception to the 60-day appeal deadline, providing that where "a party files in the district court," certain specified post-judgment motions—"and does so within time allowed" for such motions by the FRCP—"the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" FRAP 41(a)(4)(A). Among such motions is a motion "for attorney's fees under [FRCP] 54"—but only "*if* the district court extends the time to appeal under Rule 58." *Id.* (emphasis added). FRCP 58(e), in turn, provides that, "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act *before a notice of appeal has been filed and become effective* to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e) (emphasis added); *see also* Fed.

2

R. Civ. P. 59 (providing for motions for new trial and motions to alter or amend a judgment); Fed. R. App. P. 41(a)(4)(A)(iv) (providing that at timely post-judgment motion under FRCP 59 tolls the appeal deadline).

As all three Circuit courts to have considered the issue have concluded, a Rule 58(e) motion may only be granted if it is made *before* the default appeal period (here, 60 days) has expired. *See Robinson v. City of Harvey,* 489 F.3d 864, 868 (7th Cir. 2007); *Burnley v. City of San Antonio,* 470 F.3d 189, 199 (5th Cir. 2006); *Mendes Junior Int'l Co. v. Banco de Brasil, S.A.*, 215 F.3d 306, 315 (2d Cir. 2000). As the court in *Mendes Junior* explains*,* construing Rule 58(e) to allow a district court to reopen an expired appeal period is both inconsistent with the plain language of Rule 58(e), and "inimical to the sanctity of final judgments, which the strict deadlines imposed by [Appellate Rule] 4(a) are designed to protect." 215 F.3d at 313.

The Second Circuit set forth three reasons supporting its conclusion that a district court is prohibited from granted a Rule 58(e) motion after the appeal period has expired. First, the requirement that a Rule 58(e) order "must be entered 'before a notice of appeal . . . has become effective' mean[s] that such order may be entered only while there exists the possibility, under the provisions governing appellate jurisdiction, that a notice of appeal from the judgment could become effective." *Id.* (emphasis added). But where, as here, the appeal period has run, no such possibility exists. *See Robinson*, 489 F.3d at 869 (noting the "impossib[ity]" of an effective notice of appeal "once the time for appeal prescribed by [FRAP 4] has expired"). Second, although Rule 58(e) was meant to serve judicial efficiency by allowing the judgments on the merits and costs to be bundled together before appeal, this goal would be undermined if 58(e) could be used to "resuscitate an expired right to appeal." *Mendes Junior*, 215 F.3d at 313-14. Finally, allowing a Rule 58(e) order to "revive an expired right to appeal would subvert the

certainty and stability" which are of "first importance in the appellate practice of the federal courts." *Mendes Junior*, 306 F.3d at 313 (internal citation omitted); *see also id.* at 315 (noting that because district courts have authority to extend the time to file a timely attorney's fee motion under Rule 54(d)(2)(B), a contrary rule would have the consequence of allowing a fees motion filed months after an un-appealed final judgment to threaten the finality of that judgment).

Thus, as courts that have considered the issue have consistently held, "Rule 58(e) cannot be invoked to extend the appeal period once the appeal period has run[.]" *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 n.2 (D.D.C. 2011)); *see also, e.g., MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 857 F. App'x 786, 791 (5th Cir. 2021) (affirming and applying *Burnley*'s holding that Rule 58(e) "authorizes a district court to delay the finality of a judgment to allow parties to appeal the merits judgment and the fee judgment at the same time *if* the district court issues such order *before*," inter alia, "the merits judgment has become final and unappealable") (emphasis added); *Singh v. 7-Eleven, Inc.*, No. CV 20-11769-JFW(KKX), 2021 WL 6104796, at *1 (C.D. Cal. Aug. 16, 2021) (denying Rule 58(e) motion on the ground that the plaintiff "did not file his request for an extension until after the deadline to file his notice of appeal expired"); *Nasser v. WhitePages, Inc.*, No. 5:12CV00097, 2014 WL 3058570, at *8-9 (W.D. Va. July 2, 2014) ("A court may not enter a Rule 58(e) order tolling the time to note an appeal after the time for appeal has expired."); *Amo v. Baccash,* No. CV 07-663 PSG JWJX, 2008 WL 5179022, at *2 (C.D. Cal. Dec. 9, 2008) ("[W]hile Rule 58(e) authorizes a court to delay the clock for filing the notice of appeal, a court can only delay the clock when there is time left on it. It was incumbent upon [the losing party] to file a request to toll the statute before the time to appeal expired; their failure to do so means that they cannot now avail themselves of Rule 58(e)."); FRAP 4, 2016 Committee Notes (confirming that "[a] motion made

after the time allowed by the Civil Rules will not qualify as a motion that, under Rule 4(a)(4)(A), re-starts the appeal time—and that fact is not altered by," *inter alia*, "a court order that sets a due date that is later than permitted by the Civil Rules[.]").

Because the appeal deadline set by FRCP 4 is jurisdictional, the Supreme Court has cautioned that federal courts have no authority "to create equitable exceptions" to the deadline. *Bowles v. Russell,* 551 U.S. 205, 214 (2007). Although FRAP 4(a)(4)(A)(iii) and FRCP 58(e) would have afforded the Court discretion to extend the applicable jurisdictional deadline *before* its conceded expiration on February 7, 2022, both the plain text of these rules and applicable case law confirm that no such discretion remains. By failing to file their motion on or before February 7, 2022, Plaintiffs forfeited their right to seek the requested relief.

## CONCLUSION

For all the reasons stated above, Plaintiffs' motion to extend the time for filing an appeal should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

　　　*/s/ Antonia Konkoly*
Antonia Konkoly
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11110
Washington, DC 20005
(202) 514-2395 (direct)

(202) 616-8470
antonia.konkoly@usdoj.gov

*Counsel for the Defendants*

DATED: February 14, 2022