**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | |
| Plaintiffs, | Case No. 1:16-cv-01256 (EGS) |
| v. | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

### INTRODUCTION

On February 11, 2022, Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "Plaintiffs") filed a motion to extend the time for filing a notice of appeal until February 21, 2022, the due date for Plaintiffs' fees motion. Plaintiffs filed their motion pursuant to Federal Rule of Civil Procedure 58(e), which permits the Court to extend the time for filing a notice of appeal if a timely motion for attorney's fees is made pursuant to Rule 54(d)(2). Fed. R. Civ. P. 58(e); *see also* Fed. R. App. P. 4(a)(4)(A)(iii). The government opposes Plaintiffs' motion on the mistaken view that this motion is untimely. It is not. Although the motion was filed four days after the default appeal period expired, on February 7, 2022, it was filed *before* Plaintiffs' deadline for filing a motion for attorney's fees—the extension for which was also sought before the default deadline to file a notice of appeal. Nothing in the text of Rule 58(e) requires a party to also file a Rule 58(e) motion *before* the original time to appeal expires, at least where a party seeks to extend the deadline for a fee motion within the default timeline for a notice of appeal.

**ARGUMENT**

Federal Rule of Appellate Procedure 4(a)(1) sets default deadlines for the filing of a notice of appeal after the entry of judgment in the district court. Rule 4(a)(4)(A), however, extends these deadlines where a party files one of six motions under the Federal Rules of Civil Procedure. Five of those motions extend the deadlines automatically. The one that does not trigger automatic extension—a motion for attorneys' fees under Federal Rule of Civil Procedure 54—grants the district court discretion to extend the deadline "if the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii). In turn, Rule 58(e) provides that "if a *timely motion for attorney's fees* is made under Rule 54(d)(2), *the court may act before a notice of appeal has been filed and become effective* to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e) (emphases added). Through Federal Rule of Appellate Procedure 4(a)(4)(A)(v), a motion under Rule 59 *automatically* extends the deadline for the filing of a notice of appeal by allowing it to run "from the entry of the order disposing of the last such remaining motion."

Thus, the Court may exercise its discretion to extend Plaintiffs' deadline to file a notice of appeal under Rule 58(e). That rule has two requirements: first, that it be accompanied by a "timely motion for attorney's fees"; and second, that it be filed "before a notice of appeal has been filed and become effective." *See, e.g.*, *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 608 (6th Cir. 2004); *Yost v. Stout*, 607 F.3d 1239, 1242 (10th Cir. 2010). Plaintiffs' motion satisfies both requirements. While they have not yet *filed* a timely motion for attorneys' fees under Rule 54, they may do so anytime until February 21, and they fully intend to do so.[1] *See*

---

[1] Plaintiffs believe that the Court may grant their Rule 58(e) motion without them first filing a fees motion before the deadline for doing so. *See* Pls.' Mot. 1 (noting Plaintiffs' preference to avoid fees litigation by negotiating a mutually agreeable settlement on the matter). In case the

ECF No. 69 (granting extension to file fee motion). In addition, no notice of appeal has been filed or become effective.

The government's atextual argument to the contrary should be rejected. The government accepts that the Court may extend the time for filing an appeal if a timely motion for attorney's fees is made, but insists that the Court may exercise this discretion "only if [the motion] is made *before* the default appeal period (here, 60 days) has expired." Opp. 2–3 (emphasis in original). That limitation does not appear in Rule 58—nor in Rule 59, Federal Rule of Appellate Procedure 4, or any other of the cross-referenced rules relevant to notices of appeal. That should end the Court's inquiry. *See Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, when we find the terms . . . unambiguous, judicial inquiry is complete." (cleaned up)); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("The text of [a Federal Rule of Civil Procedure] rule . . . limits judicial inventiveness. Courts are not free to amend a rule outside the process Congress ordered").

Unable to point to a time limit in Rule 58(e), the government relies on the Second Circuit's decision in *Mendes*, as well as two subsequent out-of-circuit cases, which held that allowing a court to grant a Rule 58(e) motion after the default appeal deadline would conflict with the rule's requirement that the court act "before a notice of appeal . . . has become effective." Opp. 3 (citing *Mendes Junior Int'l Co. v. Banco de Brasil, S.A.*, 215 F.3d 306, 315 (2d Cir. 2000)). Respectfully, the court's analysis in that case was incorrect. In *Mendes*, the Second Circuit concluded that, although the text of Rule 58(e) "could be clearer," the better view is that a Rule 58(e) order "may

---

Court disagrees, however, and out of abundance of caution, Plaintiffs now plan to file a fees motion on the current deadline, without seeking any further extension.

be entered only while there exists the possibility, under the provisions governing appellate jurisdiction [namely, Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(5),] that a notice of appeal from the judgment could become effective." *Mendes*, 215 F.3d at 313. In other words, the court interpreted the requirement to act "before a notice of appeal . . . has become effective" to mean that a district court can issue a Rule 58(e) order only if a notice of appeal could become effective "independent of" that order. *Id.*

This reading, however, is inconsistent with the plain language of Rule 58(e) and Federal Rule of Appellate Procedure 4(a)(4). Nothing in Rule 58(e) suggests that a notice of appeal must be able to become effective *independent of* any Rule 58(e) order. And as the Sixth Circuit recognized in *Wikol*, the language of Rule 4(a)(4) suggests the opposite. Specifically, Rule 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *See* Fed. R. App. P. 4(a)(4)(B)(i). This "suggests . . . that the concept of 'effectiveness' is limited to delaying the transfer of jurisdiction to the appellate court from an otherwise timely filed notice of appeal until the relevant post-judgment motion is decided." 360 F.3d at 609–10. Or put differently, both Rule 4(a)(4) and Rule 58(e) clearly contemplate that a notice of appeal can become effective after the default appeal deadline has passed. *See id.*; *see also* Fed. R. App. P. 4(a)(4) Advisory Committee Notes (1993 Amendment) ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

The government tries to shore up its reading of Rule 58(e) by advancing two policy reasons invoked by the Second Circuit and other courts to justify the insertion of a time limitation into Rule 58(e). These arguments include that the 1993 changes that produced Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) contemplated the "bundl[ing]" of merits and fee appeals, Opp. 3 (citing *Mendes*, 215 F.3d at 313-14), and that extensions of the sort Plaintiffs seek would undermine finality, *id.* (citing *Mendes*, 215 F.3d at 313). But neither the government nor the courts it relies upon addressed the perverse consequence of their *own* reading: the removal of the very discretion granted to the district court through Rule 4(a)(4)(A)(iii).

Indeed, the 1993 changes to the Federal Rules of Appellate procedure were specifically intended to "grant[ a] district court[] some discretion to hold the appeal time in abeyance while it considers a timely motion for attorney's fees." Kenneth J. Servay, *The 1993 Amendments to Rules 3 and 4 of the Federal Rules of Appellate Procedure—A Bridge over Troubled Water—or Just Another Trap?*, 157 F.R.D. 587, 602 (1994); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 186–187 (2014) (explaining that Rule 58(e) "confirms the general practice of treating fees and costs as collateral for finality purposes" but permits a district court to delay the time to appeal "to avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal"). The government's argument would strip this Court of that discretion by artificially imposing a time limitation that appears nowhere in the text of the rules, even in cases like this one where the Court has already ordered an extension to the deadline for when Plaintiffs may make a timely fees application under Rule 54, where none of the policy reasons supposedly underlying the government's argument apply, and where no party faces any prejudice from an extension. Moreover, the particulars of this case make clear why the policy reasons relied upon by the

government are not in play, and why the Court should exercise its discretion to extend the time for an appeal.

First, until Plaintiffs filed their Rule 58(e) motion, they had intended to file a motion for fees by the Court's February 21 deadline, if they had not already negotiated a mutually agreeable settlement on the matter. Assuming they file that fees motion (which they intend to do), "judicial efficiency" would be served "by allowing an appeal from a decision on attorneys' fees to be coordinated with the appeal from the judgment." *Mendes*, 215 F.3d at 313. The government cites this as a reason to, in *every* case, withdraw a district court's discretion to grant a Rule 58(e) motion filed before a timely fee motion but after the expiration of the default deadline for a notice of appeal. But it makes no sense to withdraw that discretion in a case like this—and again, that is why the 1993 rule change provided for it.

Second, the government raises the specter, discussed in *Mendes*, that the finality of judgments might be undermined by a plain-text reading of Rule 58(e). The *Mendes* court explained that such finality would be jeopardized if a litigant ignored the 14-day deadline to ask for an extension to file a fee motion under Rule 54, *then* spent "months of inaction" after the entry of judgment (thereby blowing past the default notice of appeal deadline), *then* sought an extension to their fee deadline, *then* filed a Rule 58(e) motion to extend the notice of appeal deadline. 215 F.3d at 315. To be sure, in that situation, the "resuscitat[ion]" of "the losing party's ability to appeal the judgment on the merits" would come entirely by surprise. *Id.* (Of course, such a hypothetical appeal would only actually go forward if the district court found reason to exercise its discretion to grant *both* the fee-motion extension and the appeal-notice extension.)

But that is far from what occurred in this case. Plaintiffs moved for an extension of their deadline for an attorney fee motion on December 8, 2021 (and the request was granted the next

day). *See* ECF No. 69. Plaintiffs' notice of appeal, under the automatic provisions of Federal Rule of Appellate Procedure 4(a)(1), was not due until Monday, February 7, 2022. As that deadline approached, Plaintiffs determined that—given the relatively low amount of fees they intend to seek—negotiations with the government, rather than a fee application, would save party and Court resources. On Friday, February 11—four days later—Plaintiffs filed their Rule 58(e) motion. This case is miles apart from the scenarios that motivated the *Mendes* court to come to its atextual and inflexible interpretation of Rule 58(e)—and evidence of why the Second Circuit and the others simply got the question wrong.

Third, the government will not be prejudiced if Plaintiffs are permitted to file a notice of appeal shortly after the resolution of fees by motion. The Court's December 8, 2021 order granted the government partial summary judgment, permitting it to withhold certain information from a document sought under the FOIA. While in some cases, the expiration of the default period in which to file a notice of appeal will have concrete and material consequences for one or both parties or the public, that is not so here. Neither the document nor any information in it was released under the Court's order, and nothing about the document's status changed on February 7 (when the notice of appeal would have been due under the default rule of Federal Rule of Appellate 4(A)(1)). Moreover, because the Court's order ruled *against* the government on one of its claims of exemption, an extension for the filing of a notice of appeal under Rule 58(e) will *also* permit the government to consider whether, in light of Plaintiff's appeal, it would like to file a cross-appeal, too.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to extend the time for filing an appeal should be granted.

Dated: February 16, 2022                    Respectfully submitted,

                                            /s/ Ramya Krishnan
Brett Max Kaufman                           Ramya Krishnan (admitted *pro hac vice*)
American Civil Liberties Union              Alex Abdo (admitted *pro hac vice*)
125 Broad Street—18th Floor                 Knight First Amendment Institute
New York, NY 10004                            at Columbia University
T: 212.549.2500                             475 Riverside Drive, Suite 302
F: 212.549.2654                             New York, NY 10115
bkaufman@aclu.org                           T: 646.745.8500
                                            ramya.krishnan@knightcolumbia.org
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Pennsylvania Avenue, NW,
Suite 434
Washington, D.C. 20008
T: 202.457.0800
F: 202.457.0805
artspitzer@aclu-nca.org

*Counsel for Plaintiffs*