IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 1:16-cv-1256 (EGS) |
| *v.* | ) ) | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) | |
| *Defendants*. | ) ) ) | |

**CONSENT MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendants respectfully move the Court for an extension of their deadline by which to oppose Plaintiffs' Motion for Attorney's Fees and Costs ("Plaintiffs' Motion" or "Motion"), ECF No. 76. Specifically, Defendants request that this deadline be extended by 60 days, from March 8, 2022, through and including May 9, 2022, in order to afford the parties an opportunity to attempt to reach a negotiated resolution to Plaintiffs' Motion. Defendants have conferred with Plaintiffs, who consent to the requested relief. The grounds for this motion are as follows:

1.   The instant suit pertains to identical Freedom of Information Act ("FOIA") that Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "the ACLU" or "Plaintiffs") submitted to nineteen (19) different Government entities for seven different categories of information related to Defendants' respective prepublication review processes. ECF No. 1.

1

2.    Plaintiffs have voluntarily dismissed 18 of the originally-named Defendants to this action, while preserving their right to seek attorney's fees and costs from those Defendants at a later time. ECF Nos. 28, 51, 67.

3.    On December 8, 2021, following the Court's entry of summary judgment in favor of the sole otherwise remaining Defendant, the Central Intelligence Agency ("CIA"), the parties jointly requested that the Court enter final judgment in favor of the CIA. ECF No. 67. On December 9, 2021, the Court did so, and simultaneously extended Plaintiffs' deadline to seek attorney's fees and costs from all Defendants through and including February 21, 2022. ECF No. 71; December 9, 2021 Minute Order.

4.    On February 22, 2022, Plaintiffs filed their Motion for Attorney's Fees and Costs.[1] ECF No. 76. Under Local Civ. Rule 7(b), Defendant's Opposition to Plaintiffs' Motion is currently due on March 8, 2022.

---

[1] Defendants take the position that Plaintiffs' Motion was not timely filed. As the 2009 Advisory Committee Notes To Fed. R. Civ. P. 6 explain:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"). . . . If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

Fed R. Civ. P.  6 2009 Committee Notes; *see also, e.g.*, *Evans v. Aloisio*, 478 F. Supp. 3d 649, 653 (S.D. Ohio 2020) ("As the Calendar Order provided a date-specific deadline . . . and not a deadline based on a fixed number of days, Rule 6(a) does not apply here."); *Hooten v. Ikard Servi Gas*, No. CV 11-743 LH/GBW, 2012 WL 12903848, at *1 n.1 (D.N.M. June 15, 2012) (noting that where the plaintiff had requested, and the Court granted, an extension to a date certain that happened to fall on a Sunday, "the deadline for filing of Plaintiff's motion was April

5.   The parties mutually assess that a negotiated resolution as to the issue of Plaintiffs'

entitlement, if any, to attorney's fees and costs is the preferred outcome to this final outstanding

issue in this case. To that end, Defendants request that their deadline to oppose Plaintiffs' Motion

be extended by 60 days, through and including May 9, 2022, to afford the parties sufficient time

to attempt to resolve this issue without further litigation. The amount of time requested reflects,

in part, the complexity of negotiations involving 19 distinct agency components.

6.   The requested relief is in the interest of judicial economy and will facilitate the efficient

litigation of this matter, in that it will allow the parties a sufficient opportunity to determine

whether Plaintiffs' Motion may be resolved without further judicial involvement.

7.   As noted above, Plaintiffs consent to the requested relief.


A proposed order is attached hereto for the convenience of the Court.


Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

_____/s/ Antonia Konkoly_____
Antonia Konkoly
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11110
Washington, DC 20005

---

22, 2012 despite the fact that it was a Sunday," and summarily denying the motion on that
ground).

Defendants reserve the right to oppose Plaintiff's fees motion on this ground.

(202) 514-2395 (direct)
(202) 616-8470
antonia.konkoly@usdoj.gov

*Counsel for the Defendants*

DATED: February 28, 2022