**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION,** *et al.*,<br><br>          **Plaintiffs,**<br><br>               v.<br><br>**CENTRAL INTELLIGENCE AGENCY,** *et al.*,<br><br>          **Defendants.** | **No. 16-cv-1256-EGS-ZMF** |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Extend Time to File Notice of Appeal. *See* Pls.' Mot. to Extend Time for Filing Notice of Appeal ("Pls.' Mot."), ECF No. 73. Upon consideration of the Motion, the response and reply thereto, it is ORDERED that the Plaintiffs' Motion is DENIED.

## I.      BACKGROUND

This case arises out of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests Plaintiffs, the American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "Plaintiffs"), made to 19 federal agencies, including the Central Intelligence Agency ("CIA") ("Defendants"). *See* Compl. for Inj. Relief, ECF No. 1. After Plaintiffs stipulated to the dismissal of 16 federal agencies, the only issue that remained was Defendants' redaction of the names of current and/or former CIA employees in documents they produced. *See* Mem. Op. 1, ECF No. 66. On November 24, 2021, Judge Sullivan issued a memorandum opinion granting in part Defendants' motion for summary judgment. *See* Mem. Op., ECF No. 66.

On December 9, 2021, Judge Sullivan entered a final judgment in favor of Defendants. *See* Final J., ECF No. 71. Also on December 9, 2021, Judge Sullivan granted Plaintiffs' motion for extension of time to request attorney's fees, giving Plaintiffs until February 21, 2022. *See* Min. Order (Dec. 9, 2021).

On February 7, 2022, the deadline to file an appeal as of right passed. *See* Fed. R. App. P. 4(a)(1)(B)(ii); Pls.' Mot. 1; Def. CIA's Opp'n to Pl.'s Mot. to Extend Time for Filing Notice of Appeal ("Def.'s Opp'n") 2, ECF No. 74. On February 11, 2022, Plaintiffs filed the pending motion, seeking an extension of time to appeal Judge Sullivan's decision based on a forthcoming Motion for Attorney Fees under Federal Rule of Civil Procedure Rule 58(e). *See* Pls.' Mot. On February 14, 2022, Defendants filed a memorandum in opposition. *See* Def.'s Opp'n.

On February 22, 2022, Plaintiffs filed a timely Motion for Attorney's Fees. *See* Pls.' Mot. for Att'y's Fees and Costs, ECF No. 76. The parties later settled that dispute. *See* Notice of Settlement of Pls.' Mot. for Fees, ECF No. 78.

On March 1, 2022, Judge Sullivan referred Plaintiffs' motion to extend the time to file a notice of appeal to the undersigned for an order pursuant to Local Civil Rule 72.2(a).

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 58(e) holds that the entry of judgment may not be delayed except

> if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act *before a notice of appeal has been filed and become effective* to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e) (emphasis added). For a motion for attorney's fees to be timely under Rule 54(d)(2), it must be filed no later than 14 days after the entry of judgment, in addition to meeting several other procedural requirements. *See* Fed. R. Civ. P. 54(d)(2)(B)(i)–(iv).

Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) holds that if a party files in the district court[1] a motion for attorney's fees under Rule 54, and if the district court extends the time to appeal under Rule 58 "and does so *within the time allowed by those rules*," then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A) (emphasis added). In other words, Appellate Rule 4(a)(4)(A)(iii) interacts with Rules 54, 58, and 59 of the Rules of Civil Procedure to allow a timely motion for attorney's fees to delay the appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A)(iii). Five of the six motions under Rule 4(a)(4)(A) that extend the time to file a notice of appeal do so automatically. *See* Fed. R. App. P. 4(a)(4)(A)(i)–(vi); Pls.' Reply in Supp. of Mot. to Extend Time for Filing Notice of Appeal ("Pls.' Reply") 2, ECF No. 75. The one that does not—a Rule 54 motion for attorney's fees— extends the deadline subject to the discretion of the court under Rule 58. *See* Fed. R. App. P. 4(a)(4)(A)(iii).

## III.   <u>ANALYSIS</u>

Plaintiffs ask if a motion under Rule 58(e) to extend the time for filing a notice of appeal is timely if it is made after the expiration of the default appeal period but before the deadline for filing a motion for attorney's fees. *See* Pls.' Reply 1. It is not for three reasons.

First, the plain text of Rule 58(e) forecloses Plaintiffs' request. In addition to requiring a timely motion for attorney's fees under Rule 54(d)(2), Rule 58(e) requires that the court act "before a notice of appeal has been filed and become effective." Fed. R. Civ. P. 58(e). Thus, there must

---

[1] A district court may enter an order tolling the appeal period based on an anticipated motion for attorney's fees. *Heck v. Triche*, 775 F.3d 265, 275 (5th Cir. 2014). The court may only do so, however, "before a party has filed a notice of appeal and before the time to notice an appeal has expired." *Id.* (citing *Burnley v. City of San Antonio*, 470 F.3d 189, 200 (5th Cir. 2006)). Because the Plaintiffs did not file their Rule 58(e) motion prior to the expiration of the default appeal period on February 7, 2022, the Court may not grant the pending motion.

exist the possibility "that a notice of appeal from the judgment could become effective." *Mendes Junior Int'l Co. v. Banco de Brasil, S.A.*, 215 F.3d 306, 313 (2d Cir. 2000). As the Second Circuit concluded, the text of Rule 58(e) plainly implies that it must be possible for the event the order "is required to precede" to "validly occur." *Id.* If the appeal deadline has expired, then it is "impossible" for a court to issue the extension order prior to the notice of appeal becoming effective as required by Rule 58(e). *Robinson v. City of Harvey*, 489 F.3d 864, 869 (7th Cir. 2007) (citing *Mendes*, 215 F.3d at 313). Therefore, "while Rule 58(e) authorizes a court to delay the clock for filing the notice of appeal, a court can only delay the clock when there is time left on it." *Del Amo v. Baccash*, 2008 WL 5179022, at *2 (C.D. Cal. Dec. 9, 2008). Indeed, multiple courts have followed *Mendes* and come to this conclusion. *See, e.g.*, *Burnley*, 470 F.3d at 199 ("[W]hen the merits judgment has already become final and unappealable, a mere delay of that judgment is no longer possible, and the court lacks any authority under FRAP 4(a)(4)(iii) and FRCP 58(c)(2) [predecessor to Rule 58(e)] to modify the finality or the effect of the merits judgment."); *Nutrition Distribution LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1074 (9th Cir. 2020) (rejecting an extension of the appeal deadline when appellant "did not file a motion under Rule 58(e)" within the default appeal period); *Nasser v. WhitePages, Inc.*, 2014 WL 3058570, at *10 (W.D. Va. 2014) ("[N]othing in the rules suggests that a district court may use a Rule 58(e) order to give a second chance to a party who missed the time to appeal under Appellate Rule 4(a)(1)."); *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 n.2 (D.D.C. 2011) (noting that "Rule 58(e) cannot be invoked to extend the appeal period once the appeal period has run"). Plaintiffs have provided no authority to the contrary. *See* Pls.' Reply 4.

Second, the portion of Rule 58(e) giving district courts discretion to delay the appeal deadline was intended "to increase judicial efficiency by allowing an appeal from a decision on

attorneys' fees to be coordinated with the appeal from the judgment." *Mendes*, 215 F.3d at 313; *see also Burnley,* 470 F.3d at 199. And the goal of judicial efficiency "would be undermined if 58(e) could be used to 'resuscitate an expired right to appeal.'" *Donut Joe's, Inc. v. Interveston Food Services, LLC*, 131 F. Supp. 3d 1277, 1280 (N.D. Ala. 2015) (quoting *Mendes*, 215 F.3d at 313¬14). "Therefore, when [] a delay cannot help attain th[e] purpose [of allowing appeals from both the merits judgment and the fee judgment to be taken at the same time], the court has no reason or authority to issue such an order." *Burnley*, 470 F.3d at 199. Again, Plaintiffs' contention to the contrary lacks support. *See* Pls.' Reply 5.

Third, allowing for indeterminate filing periods, as would be the result urged by Plaintiffs, "would subvert the 'certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts.'" *Mendes,* 215 F.3d at 314 (quoting *Hill v. Hawes*, 320 U.S. 520, 524 (1944) (Stone, C.J., dissenting)). "If a district court entertaining a fee motion could revive an expired right to appeal with a Rule 58(e) order at any time, 'the prevailing party would have no assurance, no matter how long its fee motion remained pending, that the losing party's failure to file a notice of appeal within the time allowed made the judgment impervious to appeal.'" *Nasser*, 2014 WL 3058570, at *9 (quoting *Mendes,* 215 F.3d at 314¬15). "Moreover, because district courts have authority to extend the time to file a timely attorney fee motion under Rule 54(d)(2)(B), a fee motion filed months after an un-appealed final judgment could threaten the finality of that judgment." *Id.* (citing *Mendes*, 215 F.3d at 315).

Plaintiffs' appeals to judicial efficiency, finality, and lack of prejudice ignore that the rules preclude their appeal. *See* Pls.' Mot. 2; Pls.' Reply 5¬7. Filing a timely notice of appeal is "mandatory and jurisdictional." *Browder v. Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960); *Bowles v. Russell*, 551 U.S. 205, 214 (2007)

("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement" without "equitable exceptions[.]"). "[T]he power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed" by the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. *Del Amo*, 2008 WL 5179022, at *1 (quoting *Mendes*, 215 F.3d at 312). Plaintiffs' contentions for ignoring such rules "are policy arguments for rewriting the Federal Rules, something the Court is in no position to do." *Sack v. Cent. Intel. Agency*, 2015 WL 5063268, at *3 (D.D.C. Aug. 26, 2015). Moreover, Plaintiffs' policy arguments are unavailing. Allowing for the result urged by Plaintiffs would harm judicial efficiency and finality for the above-described reasons. *Id.* at *2. Moreover, "[e]xtending the time for appeal under Rule 4(a)(4)(A)(iii) after a party had failed to notice an appeal or request an extension of time during the initial thirty day period would effectively permit an end-run around Rule 4(a)(5)'s requirement that the party seeking the extension show good cause or excusable neglect." *Nasser*, 2014 WL 3058570, at *8.

## IV.    <u>CONCLUSION</u>

February 7, 2022 was a fixed point in time—a moment "in the space-time continuum at which events were set in stone and could never, *ever* be changed, no matter what, with dire consequences if such a thing happened." *See Fixed Point in Time*, TARDIS DATA CORE: THE DOCTOR WHO WIKI, https://tardis.fandom.com/wiki/Fixed_point_in_time (last updated Sept. 23, 2022). How does the Court know this was fixed point? "I know when I can [change deadlines], I know when I can't." *Doctor Who: Dark Water* (BBC One television broadcast Nov. 1, 2014). This Court lost the ability—either jurisdictionally or in its discretion—to allow an appeal to persist after the fixed point.

V.      **REVIEW BY THE DISTRICT COURT**

This is a final order issued pursuant to Local Rule 72.2. *See* LCvR 72.2. The parties are hereby advised that, under the provisions of Local Rule 72.2(b) of the United States District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Order. *See* LCvR 72.2(b). When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

Date: September 28, 2022

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE